JOHN WICKHAM, ADMINISTRATOR *de bonis non* OF ESTATE OF ROBERT WASH, Respondent, *v.* JOHN Y. PAGE AND GEORGE R. ROBINSON, Appellants.

1. *Administration—Construction of statute.*—Section 67 of the administration act (Wagn. Stat. 81) applies to St. Louis county.
2. *Administrator* de bonis non — *Action against predecessor — Notice — Construction of statute.*— An administrator *de bonis non*, on giving fifteen days' notice thereof, will be entitled to summary process, under section 67 of the administration act (Wagn. Stat. 81), against his predecessor to compel the surrender of the moneys and effects in the hands of the latter, notwithstanding the absence of an express provision in the statute requiring notice to be given defendant. He is also entitled to his action on his predecessor's bond, but is not restricted to that remedy.

*Appeal from St. Louis Circuit Court.*

*Glover & Shepley*, with *Davis, Bowman & Smith*, and *Noble & Hunter*, for appellants.

*J. Wickham* and *A. Hamilton*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The only question raised by the record and insisted upon in the argument is whether the Probate Court, in entering up judg-

ment against the surety, acted within the line of its jurisdiction. It appears that Page was appointed administrator *de bonis non* on the estate of Robert Wash, deceased, and that the defendant Robinson and others were his sureties. The letters of administration granted to Page were revoked, and Wickham, the plaintiff, was appointed as his successor. At the time of the revocation of the letters it was ascertained that Page had in his hands, belonging to the estate, the sum of $40,570.24, of which $19,011.88 was in cash and the balance in personal effects. Wickham presented his petition to the court, asking it to cause the proper notice to be served upon the parties, and to order and adjudge that the moneys and effects in the hands of Page might be given up and surrendered to him, and to have such order and judgment enforced against Page and his sureties. Notice was duly issued and served upon Page and Robinson at least fifteen days before the cause was set for hearing; and they appeared in court and contested the matter. The other sureties were not served, and the case was dismissed as to them. Upon a hearing of the evidence in the case, judgment was rendered against Page and Robinson jointly for the amount of money found to be in the hands of the former due the estate, and an order was made against Page individually, directing him to deliver to Wickham the personal effects remaining in his possession. At a subsequent term of the court, Robinson appeared and filed his motion to set aside the judgment rendered against him, on the ground that the court had no jurisdiction to entertain the proceedings. This motion was overruled, and on an appeal to the Circuit Court the action of the Probate Court was sustained.

This proceeding was instituted and the action of the Probate Court was had under the statute in reference to administration (Wagn. Stat. 81, § 67). There is nothing in the objection made that the law does not apply to the Probate Court of St. Louis county. It applies to all courts exercising probate jurisdiction, unless there is a special restriction contained in their organization; and we have been unable to find any such restriction in the act establishing the St. Louis County Probate Court. The section under which the power is sought to be derived is section 67,

and it provides that "if any executor or administrator resign, or his letters be revoked, the court shall have power, upon the application of his successor or the remaining executor or administrator, to ascertain the amount of money, the quantity and kind of real and personal property, and all the rights, credits, deeds, evidences of debt and papers of every kind, of the testator or intestate, in the hands of such executor or administrator at the time of his resignation or removal from office or revocation of letters, and to order and adjudge the rendition of the same to the successor of such executor or administrator, and to enforce such order and judgment against such executor or administrator and his sureties in the following manner : first, for the amount of money specified in the judgment by execution in the ordinary form ; second, for all other estates, effects and papers described in this judgment or order, by attachment against the person or property of such executor or administrator." The 68th section declares that if any executor or administrator die, the court shall have power, upon the application of his successor or the remaining or surviving executor or administrator, to ascertain the amount of money in the hands of such deceased executor or administrator in his representative capacity at the time of his death, and to render judgment against his sureties for the amount so ascertained, and to enforce such judgment by execution in the ordinary form. And the 69th section provides that when any executor or administrator die the proper court shall have power, upon the application of his successor or the remaining or surviving executor or administrator, to ascertain what quantity and kind of real and personal property, rights, credits, deeds, evidences of debt, and papers of every kind, of the testator or intestate, were in the hands of such deceased executor or administrator at the time of his death, and order the legal representatives of such deceased executor or administrator to deliver the same to his successor or the remaining or surviving executor or administrator, and to enforce such order by attachment against the person or property of such legal representatives of the deceased executor or administrator. But section 70, immediately succeeding, further provides that no judgment or order shall be rendered against any of the parties

mentioned in the two last preceding sections until they shall have been served with notice, in writing, at least fifteen days before the sitting of the court, of the time and place of the sitting therof.   Sections 68 and 69, it will be observed, apply when the executor or administrator dies; and before proceedings can be had. against the sureties or legal representatives, notice must be duly served upon them.   There is no express provision requiring notice when an attempt is made to proceed under section 67, and therefore it is argued that the court can obtain no jurisdiction against a surety under that section, as a judgment cannot be rendered against a person unless he is notified to appear, and the conclusion is deduced that the only remedy is by an action on his bond. It is true that notice is not demanded in clear and explicit terms, but the law will imply that notice must be given before a party can be proceeded against.   There are many instances where the law gives authority to proceed in a summary manner by motion, and in all such cases, if no particular notice is designated, it is implied, and the courts will not act till the party proceeded against is duly brought in.   (See Laughlin *et al.* v. Fairbanks *et al.*, 8 Mo. 370–1.)

Under the section which we are now considering, when the letters of the administrator are revoked, the statute confers the power in the most peremptory terms to enter an order and judgment against him and his sureties, and enforce the same for the amount of money specified in the judgment by execution in the ordinary form, and for all other estate, effects and papers described in the judgment or order, by attachment against the person or property of the executor or administrator.   In the present case the surety was duly notified; he appeared and defended his rights and submitted himself to the jurisdiction of the court.   There is no complaint made of want or inadequacy of notice.   The argument that the surety can only be proceeded against by a suit on his bond in the name of the State is fallacious.   That a suit would lie in the name of the State against the parties to the bond is undoubted, and is common practice, but that is not the only remedy.   The plaintiff has his option.   He may institute an action on the bond, or he may pursue the summary mode pointed out

by the statute. This has been the uniform practice throughout the State, and, so far as we are aware, has never before been challenged.

I think the judgment should be affirmed. The other judges concur.