### REA v. FERGUSON, *Appellant*.

1. **Practice**: EVIDENCE. Where there is any evidence to support a verdict, this court will not disturb the judgment simply because it appears to be against the weight of evidence.

2. **The** objection that there was no evidence upon which to base an instruction given in this case, is unfounded in fact.

*Appeal from Andrew Circuit Court.*—HON. H. S. KELLEY, Judge.

AFFIRMED.

*Giddings & Booher* for appellant.

NORTON, J.—This is a suit by plaintiff, as administrator of P. L. Hudgens, deceased, to recover balance alleged to be due on a promissory note of defendant. It appears from the record that defendant also had pending in the Andrew circuit court a suit against the plaintiff as administrator, to recover an account claimed to be due him from the estate of said Hudgens. The two suits, by agreement, were consolidated, and upon the trial plaintiff obtained judgment for $143; from which defendant appeals to this court. We are asked to reverse the judgment on the ground that the verdict of the jury is against the evidence in that

it only allows a part of defendant's account, which was treated on the trial as an off-set, and on the further ground that there was no evidence upon which to base the following instruction given by the court: "If you find that the services sued for by defendant were rendered as a gratuity, without any intention at the time of charging for the same, you should not allow for such service, and whether said services were intended as a gift or were rendered without any intention of charging for them, may be determined from all the evidence in the case."

As to the first point made it may be disposed of with the observation that it has been repeatedly held that where there is any evidence to support a verdict and judgment, that this court will not disturb it simply because it appears to be against the weight of evidence. *Price v. Evans,* 49 Mo. 396; *Penn v. Lewis,* 12 Mo. 161.

The objection made to the action of the court in giving the third instruction, is not well taken. The record shows that there was evidence to the effect that defendant was a son-in-law of the deceased, and that during the illness of the deceased, defendant visited and administered to him, not as a physician, but as a friend, and also that there was no charge made on his books at the time the services sued for were rendered, and that the note in question was given after said services were rendered, and that defendant, on two distinct occasions, promised to pay without setting up any claim for services. This we think was sufficient to authorize the instruction. Judgment affirmed, in which all concur.