GEORGE EPRIGHT, Respondent, v. ISAAC KAUFMAN, Administrator, Appellant.

Kansas City Court of Appeals, April 15, 1889.

1. **Judgment:** WHEN A BAR TO A SECOND RECOVERY: RULE AS TO. The recognized rule is, that where a claim for compensation or damages, occurring after the day of judgment as a continuing wrong, or breach on contract. and such subsequent occurring damages are susceptible of proof and definite ascertainment at the time of the first trial, that judgment is conclusive, and a bar to any further recovery.

2. **Judgment for Penalty under Section 387, Revised Statutes, is a Bar.** Where E. filed his motion against an assignee, for the penalty prescribed by section 387, Revised Statutes, and obtained judgment; afterward he filed another motion for the penalty accruing subsequently to said judgment, the plea of the former judgment constitutes a good plea in bar of the second motion.

3. **Demand, Necessary.** If second action would lie under the statute, a second demand should be made after the first judgment in order to give the cause of action.

*Appeal from the Johnson Circuit Court.*—HON. C. W. SLOAN, Judge.

REVERSED.

Statement of case by the court.

Joseph Brown, prior to 1880, was duly appointed and qualified as the assignee of the Warrensburg Savings Bank. On the twenty-second day of March, 1880, the plaintiff was allowed by said assignee his claim for $2,082.65; and on the eleventh day of March, 1881, said assignee declared a dividend thereon in favor of plaintiff for the sum of $520.65. Failing to pay over the same to plaintiff, after the lapse of three days, and after demand made therefor, the plaintiff filed motion in the circuit court of Johnson county to recover the penalty, etc., provided in section 387, Revised Statutes. On the fourteenth day of June, 1882, this motion was sustained, and judgment went against the assignee accordingly. From this judgment the defendant appealed to the supreme court, on a question arising as to a certain matter of defense interposed therein. This judgment was affirmed by the supreme court at its October term, 1886. 90 Mo. 25.

In February, 1885, said Brown died intestate, and the defendant was duly appointed as his administrator. At the October term, 1885, of the Johnson circuit court, the plaintiff filed motion therein against said administrator, setting up the facts aforesaid respecting the dividend declared by said Brown, and the judgment recovered on the fourteenth day of June, 1882; and asking for judgment against said administrator, and

the sureties on his bond, for the penalty of five per centum interest per month, since the rendition of said judgment.

The defendant administrator answered, setting up as a bar the former judgment. He further pleaded that no demand had been made on the assignee preliminary to this motion; and interposed the statute of limitations of three years against the cause of action.

It does not appear that the sureties of Brown's bond were notified of this motion, nor that they appeared, nor was any judgment taken against them.

The evidence tended to prove the matters set up in the answer. In fact there was no controversy about the facts. At the conclusion of the evidence the defendant asked an instruction in the nature of a demurrer to the evidence. This was overruled; and the court sustained the motion, and rendered judgment against defendant accordingly. Defendant has appealed.

*O. L. Houts*, for appellant.

(1) The refusal of Joseph Brown, assignee, to make payment of plaintiff's dividend for more than three days after the same became due, and was demanded January 14, 1882, was the wrong, and constituted plaintiff's cause of action authorizing a recovery of the dividend and interest thereon, at five per centum per month up to date of judgment, as damages—entire and indivisible. The judgment, therefore, obtained by plaintiff June, 1882, upon this cause of action, though only for interest, a part of his damages, is a bar to this action. He cannot now recover the dividend or subsequent interest. He cannot split his cause of action, or having taken judgment for too small a sum without fault of defendant, maintain a subsequent action for the remainder. R. S. 1879, p. 58, sec. 387; Bliss on Code Pl., secs. 1, 113, 118, 126; *State to use v. Hart*, 38 Mo. 44; *Taylor v. Heitz*, 87 Mo. 660; *Wagner*

*v. Jacoby*, 26 Mo. 532; *Railroad v. Levy*, 17 Mo. App. 501; *Chouteau v. Gibson*, 76 Mo. 38; *Transfer Co. v. Traube*, 59 Mo. 355; *Flagherty's Adm'r v. Taylor*, 35 Mo. 447; *King v. McNairy*, 20 Ohio St. 316; *Meller v. Lampe*, 31 Am. Rep. 74; *Barrett v. Belfry*, 36 Am. Rep. 79; *Warner v. Bacon*, 8 Gray, 397; Freem. Judg. [3 Ed.] secs. 215, 238, 240, 241, 247, 249; 1 Suth. Dam. 175. (2) This action is not upon a contract to pay interest in installments, but for a penalty created by law. The words "five per centum per month" only fix the rate of interest to be calculated on the dividend and added to it at the date of judgment, and have nothing to do with the time the interest is payable. The dividend and interest constitute one demand—the damages recoverable under the statute—entire and indivisible, and due and payable every day after the lapse of three days from demand and refusal to pay the dividend. The interest is incident to the dividend; does not exist without it. If dividend is paid or barred no interest could be recovered. See authorities cited. Also *City of St. Louis v. Allen*, 53 Mo. 44, 57; *Koehring v. Mueminghoff*, 61 Mo. 403, 406; *Stone v. Bennett*, 8 Mo. 41; *Wheaten v. Pike*, 11 Am. Rep. 227.

*John J. Cockrell*, for respondent.

(1) Where several claims arise out of the same contract or transaction, separate actions may be brought as each liability accrues. *Railroad v. Traube*, 59 Mo. 355, *loc. cit.* at bottom of page 362; Freem. Judg., sec. 240. (2) The action is one sounding in contract and not in tort. (3) It is not barred by statute of limitations. (4) It survives as at common law. R. S. 1879, sec. 3663; 1 Chit. Pl. [Ed. 1844] side p. 68, top p. 67. (5) "Shall" will be construed "may" where no public or private right is impaired by such construction; so that, though section 387 uses "shall," it only means the

action "may" be brought against assignee and his sureties. Sedg. on Const. of Stat. & Const. Law, p. 376.

*James W. Luddath, Sam'l P. Sparks,* also for respondent.

(1) The position of the appellant, that the dividend and the five per cent. per month interest to date of judgment constitutes one entire and indivisible cause of action, is untenable. They are not liabilities in the same capacity ; the dividend is payable out of the funds of the estate in his hands. The penalty or interest being an individual liability. But this is no longer an open question ; that the penalty accrued at the end of each current month, and can be recovered in a separate action, is *rem judicatam. Eppright v. Kauffman,* 90 Mo. 25. (2) Although each month's five per centum constituted in itself a distinct cause of action, yet it drew to it all previously accrued five per centums up to the time of suit as one cause of action, and the statute could only commence to run from the accrual of the last five per centum before the dividend is paid. *Railroad v. Traube,* 59 Mo. 355 ; *Ring v. Jamison,* 2 Mo. App. 584 ; s. c., 66 Mo. 424 ; *Loeffel v. Hoss,* 11 Mo. App. 133, and cases cited. (3) But if an action is brought when more than one five per centum is due, a recovery in that suit will be a bar to a second action brought to recover the other five per centums that were due when the first suit was brought. *Railroad v. Traube, supra* (*loc. cit.* 364). (4) One demand set the five per centum interest in motion, which could only be arrested by a payment of the dividend.

PER CURIAM.—I. Section 387, Revised Statutes, provides that if any assignee fails to make payment of any dividend out of the funds in his hands, "for more than three days after the same has become due and has been

demanded by the person entitled thereto, or if he shall in any wise neglect or refuse to comply with the provisions in this section, he shall for every such neglect or refusal forfeit and pay to the person aggrieved five per centum per month interest on such sum as such person was entitled to at the time of such demand, to be recovered by motion in the court having jurisdiction of said assignment ; and any judgment rendered by such court, on the hearing of such motion, shall be against such assignee and his securities on their trust, provided for in this chapter.''

The first question raised by this appeal is, whether or not the first judgment recovered by plaintiff in June, 1882, is a bar to this action.    The argument of appellant is that the cause of action is the wrong done plaintiff by the refusal to pay his dividend ; and the statute gives the remedy '' for every such neglect or refusal ; '' and as there has been but one such neglect or refusal, the plaintiff could have but one judgment for the same cause of action.

That such would have been the operation of the first judgment under the statute of 1855, I think, is clear. By that statute, volume 1, section 32, page 202, a penalty of twenty per centum per annum was provided for such neglect or refusal ; and this was recoverable by action on the bond of the assignee.    That statute contained the same provision as section 368, Revised Statutes, 1879 :    '' Any person injured by breach of the condition of the bond may sue thereon in the name of the state to his use, and the damage shall be assessed as on bonds with collateral conditions.''

In the action on the bond the judgment would be for the amount of the dividend with the accrued interest at the rate of twenty per centum per annum, under the statute of 1855, up to the time of rendition of the judgment ; and if the judgment, if against the assignee

alone, would bear the same rate of interest as the dividend, to-wit, twenty per centum per annum until satisfied ; and if against the assignee and his sureties the judgment would bear only six per cent. interest. *State ex rel. v. Hart*, 38 Mo. 45.

As the judgment, if against the assignee alone, would bear the same rate of interest as the penalty of twenty per centum per annum, one recovery against the assignee " for such neglect or refusal" would have precluded a second action based on such refusal or neglect. In such case there could be no occasion for a second action, as under the one judgment the plaintiff recovered all the penalty that had accrued up to the time of the judgment, and the operation of the judgment would give him the same rate of interest up to its satisfaction.

The recognized rule is, that where a claim for compensation or damages, occurring after the day of judgment, as a continuing wrong, or breach on contract, and such subsequent occurring damages are susceptible of proof and definite ascertainment at the time of the first trial, that judgment is conclusive, and a bar to any further recovery. It rests upon the principle that a defendant will not be suffered to be harassed by two suits when one would answer all the purposes of justice. *Swyster v. Commonwealth*, 7 Gratt. 124 ; *Clossman v. Lacoste et al.*, 28 Eng. L. & Eq. 140 ; *Town of Troy v. Cheshire Railroad*, Foster, 83–102 ; Sedg. on Dam. 186–187 ; Freem. Judg., sec. 240.

Why should not this rule apply to the proceeding under the present statute of 1879 ? Was it designed by this statute, first enacted in 1865 ( G. S. 1865, sec. 35, p. 456 ), to do more than provide a greater penalty, as a means of compelling the prompt performance of a duty by the assignee, and a more summary remedy by motion in the court having jurisdiction and supervisory control over the assignments ?

It is true, it in terms seems to contemplate a judgment only for the penalty. But why provide for recovering the increased interest, which is the incident of the dividend allowance, and the penalty for its non-payment, without a judgment also for the dividend? In order to recover the interest, proof must be made of the fact that such dividend has been declared by the assignee. The statute declares that "any judgment rendered by said court, on the hearing of such motion, shall be against said assignee and his securities *on their trust.*"

What is their trust? It is the trust "provided for in this chapter," the undertaking that the assignee will perform his duties, with fidelity as by the statute required and pointed out; which is to pay over the dividend, with the penalty or interest of five per cent. per month from and after the day of demand made.

The action is given for every such neglect or refusal. There can be but one neglect and refusal as to one dividend, and, therefore, but one cause of action. The judgment clearly, to our mind, should be such as to cover the whole liability. It could never have been in the mind of the legislature to give the plaintiff the right to file such motion every day as long as the dividend remained unpaid. The penalty of five per cent. interest per month is at the rate per month, and the claimant would not have to wait until the end of each month to file such motion. The statute does not give a cause of action for each month the dividend is withheld, but "for every such neglect and refusal" to pay the dividend on demand. So that under the plaintiff's theory, the next day after the judgment was rendered on one motion he could come in and file another motion on the same cause of action, and this before the usual time for the clerk to issue execution on the first judgment had expired.

We do not believe the statute should have any such construction. That which is clearly within the spirit of the statute is as much within its terms as if expressed. *In re Bomnio's estate,* 83 Mo. 441.

II. Equally satisfied are we that if a second motion would lie under this statute, a second demand should be made after the first judgment in order to give the cause of action. The demand under this statute is a condition precedent to the giving of a right of action. The action is given "for every such neglect or refusal," and before there could be a second cause of action there should be a second refusal after a second demand. This seems to us inevitable. The judgment is reversed.