THE STATE *ex rel.* SAMUEL P. SPARKS, Plaintiff in Error,
v. ISAAC KAUFMAN, Defendant in Error.

Kansas City Court of Appeals, December 1, 1890.

Assignment: FORMER JUDGMENT: PENALTY FOR NONPAYMENT OF
DIVIDEND. Affirmed on the authority of *Epright v. Kaufman*, 35
Mo. App. 455, and the history of the opinion in that case is given.

*Appeal from the Johnson Circuit Court.*—HON. CHAS.
W. SLOAN, Judge.

.AFFIRMED.

*W. W. Wood*, for plaintiff in error.

(1) This court is respectfully requested to recon-
sider and overrule its former decision in *Epright v.
Kaufman*, 35 Mo. App. 455, for the reason that it is
believed to be unsound in principle, and in direct conflict
with the case of *Epright v. Kaufman*, 90 Mo. 25.
(2) The position taken by this court in the case of
*Epright v. Kaufman*, 35 Mo. App., that the dividend
and the penalty constituted one entire and indivisible
cause of action, is wholly untenable. They were not
liabilities in the same capacity. The dividend was
recoverable and payable out of the funds of the estate
in his hands, the penalty or interest being an individual
liability. But this is no longer an open question: That
the penalty accrued at the end of each current month,
and can be recovered in a separate action, is *rem judi-
catem. Epright v. Kaufman*, 90 Mo. 25.

*Q. L. Houts*, for defendant in error.

Every proposition presented by the record in this
case has been decided by this court as late as March,

---

The State ex rel. Sparks v. Kaufman.

---

1889.   Defendant relies on that decision.   *Epright v. Kaufman*, 35 Mo. App. 455.   Reference is also here made to the brief of appellant in that case.

SMITH, P. J.—This case in all of its essential features is the same as that of *Epright v. Kaufman, Adm'r*, reported in 35 Mo. App. 455, and we can perceive no reason why the rulings made in that case should not dominate this.

In consequence of a remark made by counsel in the argument of this case, it may not be out of place for us to say that the opinion in *Epright v. Kaufman* was prepared by Judge PHILIPS while he was a member of this court; but it had not been finally agreed upon by the three members of the court before the retirement of Judge PHILIPS, so that it was not announced while he was on the bench.   After Judge GILL and myself became members of the court, we found the opinion of Judge PHILIPS and that the case had not been disposed of.   Judge ELLISON, having previously participated with his former associates in the consideration of the case, understood the rulings of Judge PHILIPS.   The record, briefs of counsel and opinion of Judge PHILIPS were taken by Judge GILL and myself, and the whole ground covered by the controversy was gone over with more than usual care by each of us before consultation, and after due consideration we all reached the conclusion that Judge PHILIPS had correctly stated and applied the law of the case, and so his opinion was unanimously adopted by us, and announced as a *per curiam* opinion. Nothing has been stated either in the briefs or in the argument of counsel which we think would justify a change of our convictions.   No satisfactory reason has been suggested to us why we should overthrow a decision which we think quite sound and well considered. We must adhere to that opinion.   The judgment of the circuit court will be affirmed.   All concur.