The State ex rel. Kaufman v. Sitlington.

THE STATE OF MISSOURI *ex rel.* MORITZ KAUFMAN,
Appellant, v. W. L. SITLINGTON *et al.*,
Respondents.

Kansas City Court of Appeals, November 14, 1892.

1. **Practice, Trial:** INSTRUCTIONS: OUTSIDE PLEADINGS. Instructions must be restricted within the limits of the issues made by the pleadings, and cannot change the issues so made.

2. ——: INSTRUCTIONS: COMMON ERROR. Appellant's and respondents' instructions as to appellant's knowledge and estoppel are examined and *held* not to submit the cause to the jury on the same theory.

3. **Fraudulent Conveyances:** VALIDITY OF UNRECORDED CHATTEL MORTGAGE. A mortgage of personal property is not valid against any other person, even with notice, than the parties thereto, unless possession of the mortgaged property is delivered and retained, or unless it be recorded; and notice of such mortgage cannot avail as a ground work of an estoppel to one who in good faith takes a second mortgage, records and takes possession of the property.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Ess, Block & Georgen,* for appellant.

(1) The court erred in giving defendants' first instruction: *First.* It is not within the issues made by the pleadings; it ignores the issue that Richter was not Kaufman's agent at the time the alleged agreement was made; it is error by an instruction to change the issues made by the pleadings. *Wright v. Fonda,* 44 Mo. App. 634; 2 Thompson on Trials, sec. 2309. There was absolutely no evidence showing such agency at that time; the instruction assumed not only that there was such evidence, but assumed the existence of the agency at that time. This was error. *Crews v. Lackland,* 67 Mo. 619; *Birtwhistle v. Woodward,* 95 Mo. 113; 2

Thompson on Trials, sec. 2295. *Second.* House's mortgage was not recorded; House was not in possession; therefore, the House mortgage was void except between the parties. Kaufman could have bought the property and held it knowing of the mortgage. *Rawlings v. Bean,* 80 Mo. 619; *Rosenthal v. Frank,* 37 Mo. App. 279. *Third.* The alleged agreement between Richter, House and Searle was as to Kaufman clearly *res inter alios acta,* and Kaufman was not estopped thereby. *Caldwell v. Hart,* 57 Miss. 123; *Sanders v. Robertson,* 57 Ala. 465; *Bank v. Fiske,* 71 N..Y. 353. *Fourth.* Mere notice or knowledge by Kaufman concerning House's mortgage and Richter's agreement would not estop Kaufman from taking a mortgage, or make his mortgage invalid or subject to House's. *Rawlings v. Bean,* 80 Mo. 619, and cases there cited. Notice to the agent, before the agency is begun, or after it has terminated, will not ordinarily affect the principal. *Anderson v. Volmer,* 83 Mo. 403, 406, citing Story on Agency. Notice must be given to the agent while his agency exists. *Hayward v. Ins. Co.,* 52 Mo. 181, 191; *Bank v. Chase,* 72 Me. 226; *Yerger v. Berz,* 56 Iowa, 77; Mechem on Agency, secs. 721, 723.

*Fike & Hamilton* and *Hall & Bassett,* for respondents.

(1) "The rule that the knowledge of the agent affects the principal is applicable, not only to knowledge acquired during the continuance of the agency, but such as was acquired so shortly before it began as necessarily to give rise to the inference that it remained fixed in the mind of the agent during his employment." *Chouteau v. Allen,* 70 Mo. 290; *Haywood v. Ins. Co.,* 52 Mo. 181; Story's Agency [9 Ed.] sec. 140; *Hart v. Bank,* 33 Vt. 252; *Bloomenstall v. Brainard,* 38 Vt. 410; *Dresser v. Norwood,* 17 C. B. (N. S.) 466; *Bank v.*

*Hollenbeck,* 29 Minn. 322; *Distilled Spirits,* 11 Wall. 356; Mechem on Agency, 872. The law being thus, the instructions given by the court below were perfectly right and proper. (2) But even if this was not the case this appellant is precluded by his action in the trial below from making any complaint. He tried the case there on the theory that this contract was binding on Kaufman, and this is shown by his conduct in the trial, and more especially instruction 4 asked by him and given by the court. *Whitmore v. Supreme Lodge,* 100 Mo. 36; *Harrington v. City of Sedalia,* 99 Mo. 583. "A party will not be permitted to try a case on one theory below, and then invoke another on appeal. *Mann v. Metcalf,* 19 Mo. App. 183; *Schlicker v. Gordon,* 19 Mo. App. 477; *Corn v. City of Cameron,* 19 Mo. App. 573; *Wright v. Sanderson,* 20 Mo. App. 534; *Fell v. Mining Co.,* 23 Mo. App. 216; *Tetherow v. Railroad,* 98 Mo. 74.

SMITH, P. J.—This is a suit brought by the relator against the defendant Sitlington, sheriff of Jackson county, and the sureties on his official bond, to recover damages for a breach thereof, arising out of the alleged action of the defendant sheriff in wrongfully taking away from relator a certain stock of goods under a writ of attachment against one Samuel Lederer. There was a trial and judgment for defendants, to reverse which plaintiff has appealed.

The relator here questions the propriety of the trial court in the giving of the first of the defendants' instructions, which directed the jury, "that if you believe from the evidence that House at the request of Richter released Gutfreund from liability on his notes and took the individual note of Lederer, and a chattel mortgage on the goods sued for to secure it, and at the request of Richter withheld said chattel mortgage from record, under a promise or agreement from Richter

that Lederer would not execute any mortgage or conveyance to interfere with the mortgage of House so long as the debt of House was unpaid, and that Richter, with knowledge that said debt to House had not been paid, and while acting as the agent of Kaufman, caused Lederer to execute the mortgage under which Kaufman claims the goods, Kaufman is thereby estopped from claiming said goods as against House, and you will find for defendants," on the distinct ground that the theory thereof is not within the limits of the issues made by the pleadings.

The special . defense pleaded in the answer, and controverted by the replication, was to the effect, "that prior to January, 1890, said Lederer and one Samuel Gutfreund were partners in said business and had borrowed money from said E. L. House, for which said Lederer and Gutfreund had executed their notes to said House; that said Lederer was desirous of buying his said partner's interest in said business, and to enable him to do so it was necessary that he should arrange with said House to release said Gutfreund from liability on said notes; that in order to induce said House to release said Gutfreund from liability on said notes the plaintiff Moritz Kaufman, through his agent in that behalf, Gustav Richter, promised and agreed with said House, that if said House would release said Gutfreund so that the purchase of the interest of said Gutfreund in said business could be affected by said Lederer, that said Richter would cause said Lederer to execute to said House a chattel mortgage on the property in said store, which would be a first lien thereon, and that said Lederer would not execute any mortgage or conveyance of said goods so as to interfere in any manner with the mortgage of said House, and the said House relying upon the promise and agreement of said Richter, who was acting for and in behalf of

said Kaufman, did release said Gutfreund from liability on said notes and surrendered said notes and took the individual note of said Lederer in lieu thereof, to secure which said Lederer, in pursuance of said agreement, on the twenty-fifth day of January, 1890, executed to said House a mortgage upon said goods, of which fact said Kaufman had full notice; that at the special request of said Richter, agent of said Kaufman as aforesaid, said House did not place his mortgage on record, and the said Kaufman in violation of his said promise and agreement took the mortgage under which plaintiff now claims, for the fraudulent purpose of cheating, hindering, delaying and defrauding said House."

It is, therefore, manifest that the theory of the instruction widely varies from that of the pleadings. The issue thus presented for the determination of the jury was entirely outside of that of the pleadings. The rule of practice is well settled in this state that instructions must be restricted within the limits of the issues made by the pleadings. ·Under our system of practice and procedure, it has always been regarded as error for a court by an instruction to change the issues made by the pleadings. Such an error stands condemned as fatal by a long and unbroken line of appellate decisions in this state. *Wright v. Fonda*, 44 Mo. App. 634; *George v. Railroad*, 40 Mo. App. 433; *Moffatt v. Conklin*, 35 Mo. App. 455; *Iron Nat. Bank v. Murdock*, 62 Mo. 73; *Fulkerson v. Thornton*, 68 Mo. 469; *Nugent v. Curran*, 77 Mo. 328; *Hassett v. Rust*, 64 Mo. 328; *Crews v. Lackland*, 67 Mo. 621; *Lenox v. Harrison*, 88 Mo. 495; *Waldhier v. Railroad*, 71 Mo. 516; *Merrett v. Poulter*, 96 Mo. 240; *Nall v. Railroad*, 97 Mo. 74; *Bender v. Dungan*, 99 Mo. 130.

The relator's contention that the theory of the defendants' fourth instruction, telling the jury, in substance, that the burden of proof as to the alleged

agreement by which relator was not to take a mortgage from Lederer rests upon defendants, who must prove such agreement by clear preponderance of the evidence, is similar to that of defendants' first, and cannot be sustained. It will be perceived the agreement set forth in defendants' answer, and to which relator's fourth instruction refers, is essentially different from that of the defendants' instruction. The former refers to an agreement between relator and House, and the latter to one between Richter in his quality as an individual and House. It is a knowledge of this last agreement which was possessed by Richter when he became relator's agent for the purpose of the mortgage transaction with Lederer, that the court, by the defendants' instruction, told the jury would estop the relator to claim the attached goods as against House. So that it is clear that relator did not, by his instruction, submit the case to the jury upon a theory similar to that of which he complains in the defendants' instruction. The relator's instruction is, and the defendants' is not, drawn with reference to the issue presented by the pleadings. The relator is not, therefore, precluded by the theory upon which he asked the court to submit the case to the jury.

If the pleadings had justified the theory it asserted, would it have been proper, is a more serious question which we must decide. The rule, that the knowledge of the agent affects the principal, as applicable, not only to knowledge acquired during the continuance of the agency, but such as was acquired so shortly before it began, as, necessarily, to give rise to the inference that it remained fixed in the mind of the agent during his employment, obtains in this and many other jurisdictions ( *George v. Railroad*, 40 Mo. App. 434; *Chouteau v. Allen*, 70 Mo. 290; *Haywood v. Ins. Co.*, 52 Mo. 181;

*The Distilled Spirits*, 11 Wall. 356; *Hart v. Bank*, 33 Vt. 252; *Lebanon Savings Bank v. Hollenbeck*, 29 Minn. 322; *Bank v. Chase*, 72 Mo. 226; *Suit v. Woodhall*, 113 Mass. 391; *Bank v. Cushman*, 121 Mass. 490; *Anketle v. Converse*, 17 Ohio St. 11; *Hoppock v. Johnson*, 14 Wis. 303); though not of universal prevalence. *Housman v. Building Ass'n*, 81 Pa. St. 256.

Now, if we concede the existence of this rule, can the defendants' instruction be approved? As we have seen it declares that Richter's knowledge that Lederer had executed to House a mortgage on his stock of goods to secure a debt, and that the mortgage had not and was not to be recorded under an agreement entered into between Richter, Lederer and House, was notice to relator of that fact when Richter became his agent for transaction of the mortgage by him with Lederer, and that the notice thus imparted to him would operate as an estoppel upon relator's right to claim the goods under his mortgage, though it was recorded, and he was in possession of the goods thereunder at the time of the levy of the attachment. Would it be different if Richter had not been relator's agent, and relator had taken the mortgage himself, and had been placed in possession by the mortgagor? Suppose that, before relator took the mortgage, or went into possession, Lederer or House, or both of them, had notified him of the agreement between Richter, Lederer and House, and that the mortgage executed by Lederer to House in pursuance of such an agreement was unrecorded, would such knowledge or notice have rendered the mortgage of relator, if executed in good faith, invalid, or constitute an estoppel *in pais?* We think not. A mortgage or deed of trust of personal property is not valid against any other person than the parties thereto, unless possession of the mortgaged or trust property be delivered to and retained by the mortgagee or trustee

or *cestui que trust*, or unless the mortgage or deed of trust be recorded in the proper county. Revised Statutes, sec. 5176. The unrecorded mortgage of House, as to relator, was an absolute nullity though he had notice of its existence. *Bryson v. Penix*, 18 Mo. 13; *Bevans v. Bolton*, 31 Mo. 437; *White v. Graves*, 68 Mo. 218; *Wilson v. Milligan*, 75 Mo. 41.

Notice of the existence of an unrecorded mortgage to one who, in good faith, takes a second, which is properly recorded, and who is placed in possession of the property covered by it, cannot, therefore, be made available as the ground work of an estoppel upon the rights of such second mortgagee. Was House in any way misled or deceived by the act of relator in taking the mortgage? The hypothesis of the instruction embraces no such an element. The courts all concur in this, that no man can set up another's act or conduct as the ground of an estoppel, unless he has himself been misled or deceived by such act or conduct. *Bales v. Perry*, 51 Mo. 449; *Spurlock v. Sproule*, 72 Mo. 563. Tested by this rule, it is plain that the theory of the instruction is faulty in an essential particular. In any view that we have been able to take of it, we think it was erroneous, and should not have been given.

We have examined the several instructions which the court declined to give for the relator, and find no error in that regard.

The instructions given are all well enough, with the exception of the defendant's first, and but for the giving of which we would not disturb the judgment.

It results that the judgment will be reversed and the cause remanded. All concur.