BRINKERHOFF-FARIS TRUST AND SAVINGS COMPANY, Plaintiff in Error, v. THOMAS B. HORN et al., Defendants in Error.

**St. Louis Court of Appeals, January 30, 1900.**

1. **Fraudulent Conveyance.** In the case at bar the plaintiff is not prejudiced by the conveyances, that were all made subject to his lien, and whatever may be said as to other creditors, the deeds were not fraudulent as to the plaintiff, and it has no ground of complaint on account of the fraudulent character of the deeds.

2. ———: ESTOPPEL. The act to operate as an estoppel must have been done with the intent that the other party should act upon it, and the latter was induced thereby to change his condition or relation to the subject-matter thereof to his injury.

3. ———: ———. In the case at bar there is nothing upon which an estoppel can take hold of or be predicated upon.

Error to the Wright Circuit Court.—*Hon. Argus Cox, Judge.*

AFFIRMED.

No brief furnished reporter for appellant.

*James R. Vaughan* and *Thomas R. Music* for respondent.

(1) Appellant contends that the defendants in error can not plead, nor show fraud upon the part of T. B. Horn in order to defeat the assumption clauses in the deeds, but in this he is mistaken, as it is a doctrine well recognized that where a party attempts either in a court of law or equity to enforce a fraudulent or immoral contract, the true nature of it can be shown to defeat such action. That is just what the plaintiff, The Brinkerhoff-Faris Trust and Savings Company, is attempting to do in this action. The argument is that its right of action is derived from T. B. Horn and as he could not enforce it the plaintiff can not. Harwood v. Knapper, 50 Mo. 456; Chapman v. Callahan, 66 Mo. 299; Mitchell v. Henley, 110 Mo. 598; Fenton v. Ham, 35 Mo. 409; Hamilton v. Scull's Admr., 25 Mo. 165. (2) Where the fraudulent act is not consummated, but rests in a promise, the law permits a party to the contract to interpose and set up the fraud as a defense to any relief on the executory agreement. Larimore v. Tyler, 88 Mo. 661.

BLAND, P. J.—This is an action by plaintiff in error against defendants Thomas B. Horn, Lora Horn, Charles R. Hughes and James J. Prophet, to recover a deficiency resulting upon the sale of real estate situate in the city of Springfield, county of Greene, under a deed of trust to secure a note or bond executed by defendant Thomas B. Horn, to plaintiff in error, on March 28, 1889, in the sum of $1,600. The deed of trust was executed on the same day and filed for record on the thirty-first day of May, 1889. Thomas B. Horn and wife executed to their son, defendant Lora Horn, a war-

ranty deed conveying to him a portion of said mortgaged premises, to wit: Sixty-seven feet front on St. Louis street by two hundred feet in depth.   On the twenty-fifth day of June, 1892, defendant Lora Horn conveyed said last described parcel to defendant Charles R. Hughes by warranty deed.   That on the tenth day of August, 1899, Thomas B. Horn and wife conveyed the balance of said mortgaged premises, to wit, one hundred and thirty-four feet front by two hundred and sixty-three feet in depth to defendant Charles R. Hughes, Charles R. Hughes on December 19, 1892 conveyed the equity of redemption in all of the mortgaged property to defendant James J. Prophet.   In all of said deeds, to wit, the one from Thomas B. Horn and wife to Lora Horn, the one from Lora Horn to Hughes, the one from Thomas B. Horn and wife to Hughes and the one from Hughes to Prophet recited the mortgage and each contained an assumption clause in the following words: "That the grantee herein assumes and agrees to pay said incumbrance."   Each of said deeds, immediately after its execution was duly filed and recorded in the recorder's office of Greene county, Missouri.   Hughes and Lora Horn filed separate answers, in each of which the following specific defenses were made:

"First.   That the deeds made by T. B. Horn, the debtor to Lora Horn and Charles R. Hughes, in which the debt sued on was assumed, were never delivered to them; that the deeds were never accepted by them, and hence no obligation arose upon their part to pay the mortgage debt."

"Second.   That the conveyances made by T. B. Horn to said Lora Horn and Charles R. Hughes, were made for the purpose of hindering and delaying the creditors of T. B. Horn; that there was no actual contract or any kind of contract between T. B. Horn and said respondents, by which the latter obligated or actually agreed in any manner beyond the mere recital in the deeds made, to pay said mortgage debt."

"Third.   That the deeds made by the said T. B. Horn

to said Lora Horn and said Charles R. Hughes, and the said respondents to each other were made at separate times and constituted separate and distinct transactions, and conveyed separate and distinct tracts of land, and that said respondents were not liable to be sued jointly and in the same action with each other; that any obligations made by them were separate and single and distinct and hence they could not be joined as defendants."

The replies to these answers were as follows:

"Comes again the plaintiff and for its reply to the separate answer of the defendants, states:

"I.   It denies each and every allegation of new matter contained in said answers, save only that which is herein admitted.

"II.   And for further reply, plaintiff avers that the said defendants accepted the deeds mentioned and described in plaintiff's petition for the purpose of enabling the defendant Thomas B. Horn to place his property beyond the reach of his creditors, including this plaintiff, and by reason thereof have enabled the said Thomas B. Horn to place his property beyond the reach of his creditors, including plaintiff, and are now estopped by reason thereof to maintain any defense to this action, and plaintiff again prays judgment as sought in its petition."

The issues were submitted to the court sitting as a jury, who after hearing the evidence found the issues for plaintiff against defendants Thomas B. Horn and James J. Prophet and against the plaintiff and in favor of defendants Lora Horn and Hughes.   After an unsuccessful motion for new trial, plaintiff filed its bill of exceptions and brings the cause here for review on writ of error.

On behalf of plaintiff the several deeds mentioned above were read in evidence and proof was duly made that they had been filed and recorded in the recorder's office of Greene county, and also proof was made of the sale of the premises

under the mortgage, of the net proceeds of the sale and the balance due on the note or bond for which plaintiff had judgment against T. B. Horn and Prophet. On the part of defendants Hughes and Lora Horn the evidence tended to show that both the deeds from Thomas B. Horn and wife to defendant Lora Horn and Hughes were made and recorded without the knowledge or consent of either of said grantees, and were without any consideration whatever passing from them or either of them; that they, nor either of them, ever saw or had possession of either of said deeds, or had any knowledge whatever of their existence, until long after they had been executed and placed on record; that they, nor either of them, never took possession of the premises or any part of them, never paid any taxes on them, nor exercised any dominion over the premises, or made any claim to any estate right or title to them. The same is true in regard to the deed from Lora Horn to Charles Hughes. From the testimony it appears that Thomas B. Horn, of his own accord and his own motion, without consulting Lora Horn, who was his son, or Hughes, who was his brother-in-law, the one residing in St. Louis, and the other at Mt. Grove, executed the deeds to them respectively for the purpose of shielding the property from his creditors other than plaintiff, and with a view to save it for the benefit of his wife; that he afterwards procured Lora Horn to convey to Hughes, and then after explaining to Hughes what he had done and his purpose, asked Hughes to convey the premises to his (Horn's) wife, which was done; that later Charles R. Hughes made a trade of the property to defendant Prophet for property Prophet owned in the town of Mt. Grove. To carry out the exchange Horn destroyed the deed Hughes had made to his wife and procured Hughes to execute the deed of December 19, 1892 to Prophet, for the Springfield property. The court declared the law to be that under the evidence the plaintiff was entitled to recover against defendants Thomas B. Horn and James J. Prophet, but was

not entitled to recover against defendants Lora Horn or Hughes. The plaintiff in a number of instructions moved the court to declare the law to be, in effect, that though the deeds to Lora Horn and Hughes were made without consideration, and without the knowledge or consent of either, yet if they were made by Thomas B. Horn for the purpose of hindering and delaying his creditors, and that Lora Horn and Hughes, with knowledge of this fact afterwards executed the several deeds described in the petition as having been executed by them then the plaintiff was entitled to recover against them. The court refused to so declare the law, and for this refusal the appellant contends that the judgment should be reversed. To correctly pass on this contention, we are bound to assume that the second paragraph of the answers of Lora Horn and Hughes (which are identical), are true, and that the trial court found them to be true. The right of action of plaintiff, if any, as against Lora Horn and Hughes, does not arise out of any direct promise or agreement on their part, or on the part of either of them made to or with plaintiff, to pay the mortgage debt, but the right of action (if there be one), is a derivative right arising out of a contract made with Thomas B. Horn, by Lora Horn at one time and by Hughes at another time, to pay the mortgage debt. The trial court found that there was no such contract, and its finding is clearly and abundantly supported by the evidence. But appellant contends that the deeds from Thomas B. Horn were made for the purpose of hindering and delaying his creditors, and that defendants Lora Horn and Hughes, with knowledge of this fraudulent intent, participated in the fraudulent transaction. Conceding this to be true, the fraud was not aimed at the plaintiff, it is not one of the creditors of Thomas B. Horn, who was affected by the fraud, its lien on the lands fraudulently conveyed was in no wise affected by the conveyance, but it, the lien, is expressly excepted from the operation of the fraudulent conveyances. The plaintiff is not prejudiced by

these conveyances; they were all made subject to his lien, and whatever may be said as to other creditors, the deeds were not fraudulent as to the plaintiff, and it has no ground of complaint on account of the fraudulent character of the deeds. Bank v. Bank, 50 Mo. App. 92; Williams v. Courtney, 77 Mo. 588; Walker v. Deaver, 79 Mo. 664; Burke v. Adams, 80 Mo. 504. Nor do we perceive any evidence in the record upon which Lora Horn or Hughes are estopped to aver and prove the true character of the transaction. The doctrine of estoppel *in pais* has never been better stated than by Lord Denman, C. J., in Picard v. Sears, 6 A. & E. 469, in the following language: "The rule of law is clear that where one by his words or conduct willfully causes another to believe the existence of a certain state of things and induces him to act on that belief, so as to alter his previous position, the former is concluded from averring against the latter a different state of things as existing at the same time." We find substantially the same rule announced in the following cases: Johnson-Brinkman & Co. v. Railway, 126 Mo. 345; Newman v. Hook, 37 Mo. 207; Taylor v. Zepp, 14 Mo. 482. The act to operate as an estoppel must have been done with the intent that the other party should act upon it, and the latter was induced thereby to change his condition or relation to the subject-matter thereof to his injury. Burke v. Adams, 80 Mo. 504; Eitelgeorge v. House Bldg. Ass'n, 69 Mo. 52; Noble v. Blount, 77 Mo. 235; Acton v. Dooley, 74 Mo. 63; State v. Sitlington, 51 Mo. App. 252; Reichla v. Gruensfelder, 52 Mo. App. 43. The plaintiff did not change its condition in the least because of the assumption clauses in the several deeds, it lost nothing by them, it gained nothing by them, nor was its security in any wise affected by them. Its condition as to the subject-matter—the land—remained as it was before the deeds were executed, hence there is nothing upon which an estoppel can take hold of or be predicated upon.

The judgment is affirmed. All concur.