In Re WM. T. HUTTON'S ESTATE; Appeal of JAMES O. HUTTON et al.

### Kansas City Court of Appeals, January 20, 1902.*

1. **Appellate Practice:** RECORD: MATTERS ALIUNDE. Appellate courts are required to examine the records and award a new trial, reverse or affirm the judgment or give such judgment as should have been given and usually do not notice matters not in the record.

2. ———: ———: ———: SETTLEMENT AFTER APPEAL. The trial court overruled certain exceptions to an administrator's settlement and the exceptors appealed without bond. Thereafter the administrator made a final settlement with the probate court in conformity to the judgment of the trial court and the exceptors receipted for their distributive shares. The administrator then filed in the appellate court a motion to dismiss the appeal because of the said acceptance of their distributive shares by the appellants. The motion was denied since by said acceptance the appellants took only what was not in dispute and the issues pending in the appeal were not killed.

3. ———: ADMINISTRATION: ACTION PENDING APPEAL. Where an appeal is taken to the circuit court, from a judgment on a final settlement in the probate court, no subsequent action of the latter court pending such appeal can divest the circuit court of its jurisdiction.

4. **Administration:** COMPROMISING DEBT: FINAL SETTLEMENT: EXCEPTIONS. The probate court on an administrator's petition ordered him to compromise certain debts due the estate which he did making no report, however, thereof. In his final set-

---

*Received too late to be placed in chronological order.

tlement he charged himself with the amount received and asked credit for the balance. The heirs excepted to the credit and the trial court found that if the administrator had used due diligence he could have collected the debts. *Held,* the order authorizing the compromise was mere interlocutory and not conclusive, and the administrator should be charged with said balance since the heirs were only to come in and except when notified of the final settlement.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes,* Judge.

REVERSED AND REMANDED.

*John A. Cross* and *W. S. Herndon* for appellant.

(1)   Conceding, for the purpose of the argument, that this order, which was made on the eighteenth day of November, 1898, was of any validity, it was not a final order from which an appeal would lie.    There was no approval of the so-called compromise by the probate court until the order approving the final settlement was made.   R. S. 1899, secs. 283 and 285; Berry v. Shackelford's Adm'r, 38 Mo. 392; Branson v. Branson, 102 Mo. 613. (2) The order of the probate court could have no greater effect than a credit received by an administrator in an annual settlement.   In that event there would be no occasion for the heir or any person interested to file exceptions until the final settlement.    That is the time when the administrator gives the final account of his stewardship.    Myers v. Myers, 98 Mo. 262; North v. Priest, 81 Mo. 561; Baker v. Runkle, 41 Mo. 391; Picot v. Biddle's Adm'r, 35 Mo. 29. (3)   Neither an heir nor a creditor of said estate could be bound by this order without notice, whether the statute required it or not.    The notice of the final settlement would be a notice which would require the heir to come in and except to any item in the whole administration, which was against his interest, "or forever after hold his peace."   State ex rel. v. Board, 108 Mo. 241-2; Brown v. Weatherby, 71 Mo. 152;

Wickham, Adm'r, v. Page, 49 Mo. 526; Laughlin v. Fairbanks, 8 Mo. 370. (4) The order of compromise was merely interlocutory in its nature or effect. It stands merely as a part of the pending proceeding under the control of the court, deciding definitely no matter of right, and therefore not subject to an appeal. George v. Craig, 6 Mo. 648; North v. Priest, 81 Mo. 563; Railroad v. Railroad, 94 Mo. 535; Macke v. Byrd, 109 Mo. 487; Aull v. Day, 133 Mo. 337; Wood v. Phelps County Court, 28 Mo. 119; Boyle v. Clark, 59 Mo. App. 187; Mills v. McDaniels, 59 Mo. App. 331; R. S. 1899, sec. 236; Hall v. County Court, 27 Mo. 329; Ferguson v. Carson, 13 Mo. App. 29; State ex rel. Bettz v. Megown, 89 Mo. 156; State ex rel. v. Allen, 92 Mo. 20; McVey v. McVey, 51 Mo. 406; State ex rel. v. Woodson, 128 Mo. 497; Woerner's Am. Law Adm'r, sec. 545; Coleman v. Farris, 103 Mo. 352; R. S. 1899, sec. 1674, subdiv. 4; R. S. 1899, sec. 278, subdiv. 16.

*T. W. Walker* and *E. C. Hall* for respondent.

(1) No appeal bond having been given by the exceptors, the judgment of the circuit court affirming the judgment of the probate court which approved the settlement, was not affected by the appeal and the action of the circuit court in certifying the case back to the probate court and the probate court's action in completing the settlement were valid for the reason that no supersedeas intervened, and such proceeding was obligatory under sections 285 and 286, Revised Statutes 1899. An appeal without bond does not stay the affirmative action of the judgment. State ex rel. v. Woodson, 128 Mo. 497; State ex rel. v. Gates, 143 Mo. 63; Railroad v. Atkison, 17 Mo. App. 484. (2) The claim made before the probate court by the exceptors was extinguished by their receipts for the balance due them upon the settlement which contained the item in controversy; and especially is this apparent when it is

In re Hutton's Estate.

seen that they have thus receipted for the one hundred dollars, the proceeds of the compromise made by the administrator. Patterson v. Booth, 103 Mo. 402; Lycan v. Miller, 56 Mo. App. 79; Dix v. Morris, 66 Mo. 514; Woodworth v. Woodworth, 70 Mo. 601; Van Bibber v. Julian, 81 Mo. 618. (3) The order obtained by the administrator to compromise the John A. Hutton notes under section 236 of the statute is a final order that can only be set aside in a direct proceeding for fraud in a court of equity. Jones v. Brinker, 20 Mo. 88; Whittelsey v. Dorsett, 23 Mo. 236. To hold otherwise would be to make it a snare to catch administrators, and the statute would be a nullity. Jacobs v. Jacobs, 99 Mo. 427; 2 Woerner on Administration, sec. 326; Young v. Byrd, 124 Mo. 590.

SMITH, P. J.—Wm. T. Hutton died intestate, in February, 1897. Francis M. Hutton, his brother, was appointed the administrator of his estate by the probate court. The administrator filed his inventory in which was listed several notes on John A. Hutton, the principal and interest of which, at that time, aggregated $1,020.06. On the fifteenth day of November, 1898, the administrator filed in the probate court his petition for a compromise of these notes. On the same day that court made its order purporting to authorize the administrator to compromise said note. Later on John A. Hutton paid the administrator $100 in cash and executed a release of his interest as heir in the estate of his deceased brother for these notes. On the twenty-second day of May, 1899, the administrator filed his final settlement, in which he charged himself with $100 received from John A. Hutton, and asking credit for $1,020.06, the amount of the notes of John A. Hutton charged against him in the inventory, and thereupon objections were filed to such proposed final settlement by the exceptions therein. Such final settlement contained the terms of the compromise with John A. Hutton, the first and only paper filed in the probate court, showing what compromise had

been made.   The probate court overruled the exceptions and approved the final settlement.   The case was appealed to the circuit court and there tried.   That court made a special finding of facts and in its conclusion of law holding that the order of the probate court made on the eighteenth day of November, 1898, was a complete protection to the administrator, and overruled the exceptions, approved the final settlement and ordered its judgment certified to the probate court.   The exceptors, after the usual motions were overruled, brought the cause here by an appeal.   The objectors filed an affidavit for an appeal, but filed no bond.

The administrator has filed a duly verified motion to dismiss the appeal, alleging as the grounds thereof that the exceptors have failed to file an appeal bond; and that pursuant to the said judgment of the circuit court, appealed from, he the administrator made his final settlement of said estate with the probate court, which was duly approved, and an order of distribution was made; that he had paid to the distributees of said estate, including the exceptors, the several amounts due them on said final settlement, taking their receipts therefor, and has received his final discharge.

Under the statutes, section 866, Revised Statutes 1899, when a case is brought before us by appeal or writ of error, we are required to *examine the record* and award a new trial, reverse or affirm the judgment or decision of the circuit court, or give such judgment as such court ought to have given as to us shall seem agreeable to law.   It is thus seen that, in the exercise of our appellate jurisdiction, our view of cases coming before us by either of the methods just stated, is restricted to an examination of the record.   To the rule just stated, there may be, and doubtless are many exceptions.   All appellate courts are sometimes compelled to receive evidence *dehors* the record, affecting their proceedings in cases before them on appeal or writ of error.

A case coming within the exception is where the death

of one of the parties, after a writ of error or appeal, requires a new proceeding to supply its place.    Another is where a transfer of the interest of one of the parties by assignment, or by judicial proceeding in another cause, as in bankruptcy, is brought to the attention of the court by evidence outside of the original record, and is acted on; and still another, is "where there is a settlement of the controversy with an agreement to dismiss the appeal or writ of error, or any stipulation as to any proceedings in this court, signed by the parties, will be referred, as an agreement to submit the case on printed argument alone," etc.    Dakota v. Glidden, 113 U. S. 222.    In the case of Cleveland v. Chamberlin, 1 Black. 419, the plaintiff in error having bought out the interest of the defendant in the subject-matter of the suit, and having control of both sides of the litigation, still sought, for some purpose, to have the case decided by the court where pending.    On evidence of this by affidavit the court dismissed the writ.    Cases have been dismissed because the parties have settled the matter, so that there was no longer a·real controversy, one or both of them seeking a judgment for an improper purpose in regard to an issue no longer in existence between the parties.    Lord v. Veasey, 8 How. 251; Paper Co. v. Heft, 8 Wall. 333.    It has been ruled that if a party against whom a decree went, appealed, and pending the appeal availed himself of the decree by accepting and receiving a large portion of the money deposited to his use, that upon the matter being brought to the attention of the appellate court in the proper way, he would not be permitted to maintain his appeal.    Atkinson v. Tabor, 7 Colo. 195.    In the last-cited case the court said that there is no doubt of the general proposition that it is inconsistent with the principles of justice and the rules of the law to permit a party who has voluntarily taken advantage of a judgment rendered at *nisi prius* to afterwards present proceedings to reverse it."

When such matters appear on the face of the record, the

objection is properly taken by motion to dismiss; but when they do not so appear, the proceedings must appear by a plea in bar of the proceedings in error.    Powell on Appeal Proceedings, p. 181, sec. 12 and 12a.    In some cases it has been held that when litigation in an action has been settled, or disposed of in some other way, and it has thus become unnecessary to decide the questions presented by the appeal, it will not proceed to decide them, but will dismiss the appeal.    Courts, being eminently practical tribunals, will in proper case on motion supported by affidavit, dismiss the appeal.    Hasty v. Funderburk, 89 N. C. 93, and cases there cited.    In Bayha v. Philips, 97 Mo. 331, it was said that "the plaintiff had the right to have the full measure of relief he claimed or else, by a solemn adjudication of the court to know the why and wherefore of the refusal which denied him redress in full of his demand.    He had the right to make the demand he did, and it was out of the power of the defendants to prevent adjudication of the matter demanded, except by a concession as broad as that demand.    In that event would the issues be dead?"

The affidavit and exhibits filed in support of the motion in the present case do not bring it within any one of the exceptions to which we have hereinbefore referred; nor does it appear therefrom that the claim made before the probate court by the exceptors was extinguished by the receipt of the amount in the hands of the administrator ordered to be distributed, and about which there was no dispute.    The amount paid the objectors was an amount due them, independent of that claim in the present suit.    The administrator was paid no part of the amount claimed by the exceptors on account of the failure of the administrator to collect the Jno. A. Hutton notes.    He has not been induced to alter his relation to the suit by anything the exceptors have done or said.    His payment seems to have been partly voluntary.    He has made no compromise nor parted with anything of his own nor been deceived or misled by the conduct of the exceptors, so we can not

see that he can claim that the objectors are estopped in any way to proceed with their suit (State v. Sitlington, 51 Mo. App. 252), nor does it appear that the objectors by receiving the amount paid thereby made "a concession as broad as their demand," or that they thereby "killed the issues" in the pending cause.

We are unable to discover anything in the facts disclosed by the motion of the administrator which takes the case out of the operation of the general statutory rule quoted at the beginning, requiring us, in reviewing cases brought before us on writ of error, or appeal, to restrict our examination to the record. It may be that since the exceptors did not file an appeal bond in the court below, that court was authorized to order a certificate of its judgment to the probate court. And it may be, too, that if the final settlement made with the probate court from which the appeal was taken, was approved by the circuit court, and thus allowed to stand, that it would be conclusive as to every item therein, except that put in litigation by the exceptors, in this suit. The jurisdiction of the circuit court having once attached, would not be divested by any subsequent action of the probate court pending the litigation in that court; nor in this, because to make a final settlement under such conditions would be a fraud, since the estate was not then fully administered and could not be until the claim made by the exceptors was finally adjudicated or in some way extinguished. Smiley v. Cockrell, 92 Mo. 105; Nolan v. Johns, 108 Mo. 437; Siebel v. Simmeon, 62 Mo. 255. Accordingly, we think the administrator's motion should be denied.

It appears from the court's special verdict that it found that if the administrator had acted with the care and diligence in attempting to collect the John A. Hutton notes that a prudent man would have used in the management of his own business affairs, that said notes could have been collected; but since the probate court had by its order authorized the said administrator to compromise said notes; and since he acted under said

order, and made the best compromise he could, that said order was a final determination of said matter by said probate court, binding and conclusive on it and a complete protection and defense to the said administrator against the claim made by the exceptors.

It appears that the administrator, under section 235, Revised Statutes 1899, had presented a petition to the probate court, stating therein that the said debtor, John A. Hutton, was wholly insolvent, and that an action at law against him on said notes would be fruitless; and, further, that it would be for the best interest of said estate that said notes be compromised on the best terms obtainable, and praying for an order of the court authorizing such compromise, which said petition was duly verified by the affidavit of the administrator. The record discloses further that on the presentation of this petition, the probate court made the order authorizing the administrator to make such compromise in accordance with the prayer of said petition.

It does not appear that the said administrator made any report as to the compromise under the order of the probate court, other than was shown by his proposed annual settlement, wherein he asked credit for the amount of said notes, less one hundred dollars paid thereon as the consideration for the compromise. It is thus disclosed that the administrator, by his petition to the probate court, had represented to it that the said debtor was wholly insolvent and that an action at law against him on said notes would be fruitless; and that on the faith of these representations, the said probate court had made the order authorizing the compromise.

The circuit court, in effect, found as has been already seen, that such representations of the administrator were false, or which is the same thing, that the said debtor was solvent, and that said administrator could have collected said notes by the use of proper diligence. State v. Elliott, 82 Mo. App. 458; Jacobs v. Jacobs, 99 Mo. 427; Schudder v. Ames, 142

Mo. 231.    It would seem from the reading of the record before us, that the said order of compromise was procured by false representation, and is open to attack for fraud.    It is no doubt true that this order, and the action of the administrator under it are prima facie valid and binding, but it is inconceivable how either or both could be (as the circuit court found) conclusive and not open to question by the heir at the final settlement.    We must think this contention of the court was erroneous.

The exceptors were not notified of the proceeding taken to effect the compromise.    The first time that any opportunity was afforded them to question the proceeding in any way was when the final settlement was presented.    If the court found that the amount of the unpaid part of the notes had been previously allowed to the administrator in some one of his annual settlements, then there would be no doubt that its correctness could have been inquired into at the final settlement—such an allowance would only have been prima facie correct, and the administrator would have been entitled to a credit therefor in his final settlement unless it was then impeached.    State v. Elliott, supra.    And the fact that it was first claimed as an item of credit at the final settlement, could make no difference. The order of compromise was merely interlocutory in its nature and stood as a part of the proceeding under the control of the court; and was open and subject to review and correction at the final settlement.    Myers v. Myers, 98 Mo. 262; Picot v. O'Fallen, 35 Mo. 29; West v. West, 75 Mo. 204; North v. Priest, 81 Mo. 562.

If it be contended that the order authorizing the compromise was in effect an allowance in favor of the administrator of a credit for the amount of the notes as the amount received of the debtor, still this order and the action taken by the administrator was subject to review at the final settlement; for if not then reviewable, it was conclusive.    And if conclusive in favor of the administrator, then there was no time when

the heirs of said estate could have contested it.    One of the
objects of the law in providing the notice is, that the heirs may
have an opportunity to appeal and question any item of credit
claimed by or previously allowed to the administrator in his
previous annual settlement.    Everything in the proposed final
settlement is "wide open" to him, and especially so as to  cred-
its claimed by the administrator.    If an order like that in the
present case is conclusive, and has the effect to foreclose the
right of the heir and creditors to have the action of the probate
court in making such order reviewed at the final settlement,
then such settlement is but an idle and meaningless ceremony.

The heirs were notified to appear at the final settlement,
and when they did so they had the right to challenge the cor-
rectness of any annual settlement or any item of credit therein,
or any order touching any credit allowed the administrator,
during the progress of the administration.    Then, and not un-
til then, were they authorized to come in and question any
item in the whole administration that was against their inter-
est.    State v. Board, 108 Mo. 241; Brown v. Weatherby, 71
Mo. 152; Wickham v. Page, 49 Mo. 526.    The exceptors did
appear at the final settlement and objected to the same on ac-
count of the credit claimed by the administrator, for the John
A. Hutton notes.    The probate court overruled this objection
and approved the settlement as presented.    This was a final
judgment from which an appeal would lie.    The said order au-
thorizing the compromise was not conclusive.    It was at most
only interlocutory.    It was subject to review at the final set-
tlement.

When the circuit court found, as it did, that the said notes
could have been collected had the administrator used proper
diligence, the conclusion that the order of compromise was
conclusive and a complete protection to him was clearly erro-
neous.    From this finding of fact the only conclusion of law
which the court could have drawn therefrom was that the ex-
ceptions to said credit for the amount of the John A. Hutton

notes should have been sustained; and for that reason the said final settlement was disapproved. The judgment must be reversed and cause remanded. All concur.