RAWLINGS, *Plaintiff in Error*, v. BEAN *et al.*

1. **Chattel Mortgage**: FAILURE TO RECORD: SALE BY MORTGAGEOR IN POSSESSION. A mortgage of goods not recorded, and of which the mortgageor retained the possession, is a nullity as against a purchaser from such mortgageor in possession, even though the purchaser knew of the existence of the mortgage.

2. **Misrepresentation as to Solvency**: WHEN THIRD PERSON CANNOT MAINTAIN ACTION. A misrepresentation to one in regard to the solvency of him who makes it, gives no right of action in favor of a third person against the first for injury by reason of the second repeating such statement to the third person, no relation of principal and agent existing between the latter and the person repeating the statement, and the latter not having been authorized to communicate the statement to the third person.

*Error to Cass Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

*Robert Adams* and *E. J. Sherlock* for plaintiff in error.

The court committed error in refusing to declare the law as asked by plaintiff.

*M. Campbell* for defendants in error.

Plaintiff's instructions one and four ask the court to order the jury to find for the plaintiff for the full amount of all the notes, without any proof of the false representations, and without a statement of demand, notice and failure to pay, or any proof that defendants are in any way held as indorsers on the Sellers' notes. Instructions must be

predicated on the pleadings and evidence.   *Raysden v. Trumbo*, 52 Mo. 35 ; *Budd v. Hoffheimer*, 52 Mo. 297; *Russell v. State Ins. Co.*, 55 Mo. 585 ; *Fitzgerald v. Hayward*, 50 Mo. 516; *Capital Bank v. Armstrong*, 62 Mo. 59 ; *Iron Mountain Bank v. Murdock*, 62 Mo. 70.

Indorsers can only be held by presentment, demand and notice.   *Draper v. Clemens*, 4 Mo. 52 ; *Adams v. Darby*, 28 Mo. 162; *Simmons v. Belt*, 35 Mo. 461; *Nave v. Richardson*, 36 Mo. 130 ; *Armstrong v. Armstrong*, 36 Mo. 225.   Instructions two and six relate to the chattel mortgage, and ask the court to order the jury to find for plaintiff, if defendants knew of the mortgage, and plaintiff turned over, released or surrendered said mortgage because of false representations made by defendants of their solvency.   These instructions omit to specify the date of such representations. If made before the trade, and to Rawlings, they might be pertinent.   If made after the trade, the mortgage itself was void, even if known to exist.   R. S., § 2503 ; *Bryson v. Penix*, 18 Mo. 13; *Bevans v. Bolton*, 31 Mo. 437.   Plaintiff's remaining instructions were also properly refused.   The mortgage was to the use of the mortgageor, and was void. R. S., § 2496 ; *State v. Jacob*, 2 Mo. App. 183 ; *Lodge v. Samuel*, 50 Mo. 204 ; The mortgage was not recorded, and was, therefore, void.   R. S., § 2503; *Bryson v. Penix*, 18 Mo. 13 ; *Bevans v. Bolton*, 31 Mo. 437.

PHILIPS, C.—To understand the questions arising on this record, it will be necessary to set out the pleadings with unusual detail.

The petition alleges that defendants, on the 29th day of December, 1874, executed three promissory notes to Joseph Roebuck, each for $205.28, one due six months after date; one due twelve months after date, and one due eighteen months after date, each bearing ten per cent interest from date.   That on the same day said Roebuck assigned, by indorsement, said notes to plaintiff for value.   It is further alleged that Mary Sellers and William H. Sellers,

by their promissory note of date October 15th, 1874, promised to pay to defendant Bean, or order, $301.64, one year after date, with ten per cent interest from date; that said Bean assigned, by indorsement in blank, and delivered said note to his co-defendant, Whittenger, who assigned it by indorsement, and delivered it to said Roebuck, who assigned the same to plaintiff by delivery. That the firm of Sellers & Co., November 1st, 1874, executed their promissory note to said Bean, or order, for $70, due seven months after date, with ten per cent interest from date; that Bean assigned, by indorsement, and delivered said note to said Whittenger, who assigned it in like manner to said Roebuck, and he, by delivery, to plaintiff. The petition then proceeds to set out that said Roebuck was the owner of a stock of drugs in Pleasant Hill, and on a sale thereof to defendants, the said notes were transferred by defendants to said Roebuck; that at the time of said transaction the said Roebuck owed the plaintiff the sum of $1,500, which was secured by a chattel mortgage on said goods; that the defendants, in order to effect the purchase of said stock of drugs, etc., and the release of said mortgage, falsely, and with intent to defraud, represented to said Roebuck, and to the plaintiff, that the defendants were the owners of a large amount of unincumbered real estate and other property, which rendered them perfectly solvent and responsible on all their contracts; and further falsely and fraudulently represented that Mary and William Sellers, the makers of said last two notes, were solvent. That said Roebuck, relying on said representations, received the said notes for the consideration aforesaid, and the plaintiff, relying on the said representations to him made, received said notes from said Roebuck in payment of the debt Roebuck owed him, and released the said stock of goods from said mortgage. The petition then proceeds to negative the truth of the alleged representations made by defendants; and then avers that, but for the said representations so made by defendants, plaintiff would not have taken said notes in payment of

his said debt and released said mortgage.   It is then alleged
that defendants refused to secure said notes, but continued
to sell and dispose of said goods with intent to cheat and
defraud the plaintiff.   Wherefore he prays judgment for
the sum of $615.84, with interest, etc., on account of the
three notes set out in the petition, and for the sum of
$301.64, with interest, on account of the fourth note, and
for $70, etc., on account of the last note named, " and for
such other and further relief as equity may demand."

The answer admitted the execution of the three notes
by defendants to Roebuck, and the transfer, by indorse-
ment, of the notes of Mary and William Sellers to Roebuck,
as also the notes of Sellers & Co., and that the last two
notes were so transferred to Roebuck in part payment for
the said stock of drugs, but denied the other allegations of
the petition.   For a second ground of defense, the answer
pleaded that the stock of goods were situate in the county
of Cass, and that the said Roebuck and plaintiff also resided
in said county.   That said alleged chattel mortgage did
not describe said goods, so that they could be identified
thereby ; that said mortgage was never recorded in said
county, nor were the goods ever delivered to the plaintiff,
the alleged mortgagee, but remained continuously in the
possession and control of the mortgageor, who continued
to sell the same, etc.   It is then pleaded that the defendants
had nothing to do with the plaintiff in said purchase of the
goods, that they never saw or heard of him until after the
completion of the said purchase and delivery to them by
said Roebuck of the goods ; that the said mortgage was
not mentioned to them during the negotiations, nor had
they any notice thereof.   On the contrary, said Roebuck
represented that the said goods were unincumbered and
free from lien or debt, and they so bought on the faith
thereof.   For a further special defense, the answer pleaded
that the consideration of the first three notes had entirely
failed on account of false and fraudulent representations
made by said Roebuck. during the negotiations for said

trade, touching the quality, condition and quantity of the goods in the store, specifying the deficiencies, etc.

The reply, after tendering the general issues as to the new matter pleaded in the answer, alleged, among other things, that the defendants bought said goods after making a personal inspection of them, etc.

The evidence showed that the chattel mortgage was not recorded, and that said Roebuck continued in possession of, and to sell, the goods so mortgaged. Evidence was offered by both parties tending to sustain the issues respecting the alleged fraudulent representations by which, on the one side, the plaintiff gave up his mortgage and accepted the notes from Roebuck, and, on the other, touching the false representations as to the quantity and condition of the goods sold them by Roebuck. At the time of the consummation of the contract of sale, it does not appear that the defendants had seen the plaintiff, or made any representations to him whatever, as to their solvency, etc.

On the refusal of instructions asked by plaintiff and the giving those requested by defendant, the plaintiff took a nonsuit with leave, etc. After an ineffectual motion for rehearing, he has brought the case, on writ of error, to this court.

If a cause of action is to be determined from the facts stated in the petition, the conclusion is irresistible that the purpose of the pleader in framing this petition was to maintain an action ex delicto for the fraud and deceit, alleged to have been practiced by defendants in misrepresenting their solvency, etc. It is distinctly alleged, as the very gist of the complaint, that by reason of such fraud the plaintiff " received said notes from said Roebuck, in payment of the debt Roebuck owed him, and released said stock of goods from the operation of said chattel mortgage." This conclusion is evident throughout the entire petition. It was so understood by the defendant in drawing his answer, and very properly, as we think. No court would, for a moment, on reading over this petition, understand that it was an

action *ex contractu*, based on the notes. There is only one count in the petition, and no separate judgment asked on each note. The amount of the notes, it is true, is designated in the prayer of the petition, but merely as the basis of the measure of damages consequent upon the surrender of the mortgage. If more were needed to point the character of the action, and the construction placed by the pleader, himself, on it, when he drew it, it is furnished by the record. The suit was brought on the 24th day of April, 1875, which was before the notes were due. It is, therefore, manifest that it was not designed as an action *indebitatus assumpsit* on the notes. Superadded to this, the liability of the defendants on some of the notes was that of indorsers. As such indorsers, action could be maintained against them conditionally only. The petition was evidently not framed on the theory of charging indorsers on notes, especially not yet due. Viewing the petition as sounding in tort, for the alleged false and fraudulent representations, whereby the plaintiff parted with his chattel mortgage to his injury, etc., the trial court would have been justified in instructing the jury to return a verdict for the defendants. The chattel mortgage was not recorded, nor did the mortgagee have possession of the mortgaged property. Therefore, as to the defendants who purchased from the mortgageor in possession, the mortgage was a nullity, even though they had notice of its existence. R. S., § 2503; *Bryson v. Penix*, 18 Mo. 13 ; *Bevans v. Bolton*, 31 Mo. 437. Any false representations made by defendants to Roebuck, touching their solvency, cannot avail the plaintiff. There is no pretense that the relation of principal and agent existed between Roebuck and the plaintiff. The plaintiff was not present when the representations, if any, were made, and the contract of purchase was consummated. Any subsequent statements made by Roebuck to plaintiff, as to what defendants said to the former touching their solvency, could not form the basis of an action, in favor of plaintiff, for the falsehood of the statement made by defendants to Roebuck.

Roebuck was not delegated by defendants to make any representations to plaintiff. The plaintiff recognized, in drawing his petition, the necessity of the representations being made to the plaintiff by the defendants, because it is averred that the said representations were made to Roebuck and the plaintiff by defendants. There was a total failure of proof as to this material averment.

The instructions asked by plaintiff were, mainly, based on the theory that the action was founded on the notes, and, therefore, the only relief defendants were entitled to, was a reduction from the notes of the difference between the value of the goods actually delivered by Roebuck to defendants, and what they were represented to be in the negotiation, as claimed by defendants. The instructions, at all pertinent to the issue tendered by the petition, either treated actual notice of the existence of the chattel mortgage as sufficient to bind the defendants as subsequent purchasers, or ignored the necessity of making proof that the alleged false representations were made by defendants to plaintiff, and that he acted thereon to his injury.

The judgment of the circuit court is, therefore, affirmed. All concur.