THE COLE MANUFACTURING COMPANY, Respondent, v. WILLIAM JENKINS, Appellant.

St. Louis Court of Appeals, February 2, 1892.

1. **Attachment, Grounds for:** CONSTRUCTIVE FRAUD. Fraud in law will support an attachment as well as fraud in fact. A mortgage of personalty with the secret agreement that the mortgagor may sell the property and deal with it as his own, constitutes a fraudulent conveyance within the purview of the statute prescribing the grounds for attachment.

The Cole Mfg. Co. v. Jenkins.

2. ———: CONTRACTION OF DEBT SUED UPON WITH THE INTENT NEVER TO PAY IT : SUFFICIENCY OF EVIDENCE. The intention never to pay for goods purchased can seldom be established by direct evidence, and may be found from circumstantial evidence. And *held*, that the evidence in this case warranted the inference of such an intention.

3. ———: PROOF OF ONE OF THE GROUNDS ALLEGED. Where several grounds of attachment are alleged, the establishment of any of them will sustain the attachment.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*S. A. Haseltine* and *O. H. Travers*, for appellant.

*F. S. Heffernan* and *Harrington & Pepperdine*, for respondent.

ROMBAUER, P. J.—The defendant appeals from a judgment rendered against him on his plea in abatement in an attachment proceeding. There has been a final judgment in the cause, but no errors are assigned on the trial of the merits. The errors complained of on the trial of the plea in abatement are that the court gave erroneous instructions for the plaintiff, and refused proper instructions asked by the defendant.

The affidavit for attachment charges that the defendant has fraudulently conveyed his property and effects, and that he has fraudulently concealed, removed and disposed of his property and effects, so as to hinder and delay his creditors, and also that the debt sued for was fraudulently contracted. The main complaint made against the plaintiff's instructions is that there was no substantial evidence to support them.

The plaintiff gave evidence tending to show the following facts : The plaintiff is a manufacturer of lumber in Memphis, Tennessee, and the defendant, a

builder, who keeps a lumber yard in Springfield, Missouri.   The plaintiff sold to defendant sundry bills of building lumber at various dates between September 3, and October 18, 1889, which bills became payable between November 3, and December 18, 1889.   The defendant was at the time in embarrassed financial circumstances.   On the eighth day of October, 1889, the defendant executed a chattel mortgage conveying his lumber, to the stated value of $1,070, to one Fuller, for the purpose of securing the payment of a note of $1,182.45, payable fifteen days after date and all renewals thereof. The mortgage contained no express provision as to who should remain in possession of the mortgaged property, but impliedly recognized the mortgagor's right of possession until default.   There was evidence tending to show that the defendant continued to deal with the mortgaged property as his own ; that he continued to sell the same in the usual course of trade without accounting to the mortgagee for the proceeds, and that the mortgagee only received a fraction of the property when he finally took possession of it.   The evidence on this branch of the case was of a character which would warrant a jury in finding that there was a secret agreement between the mortgagor and mortgagee authorizing the mortgagor to deal with the property as his own.   The court submitted this evidence to the jury, instructing them in effect that, if they found the facts as above stated and found that such secret agreement did exist, then their verdict should be for plaintiff.   These instructions were warranted by the evidence, and declared the law correctly.   *Bullene v. Barrett*, 87 Mo. 185 ; *Reed v. Pelletier*, 28 Mo. 177.

There was also evidence on the question of concealment.   It consisted of a showing that the property attached was scattered in various places, some of which were unusual for the storage of such property ; that the defendant kept no regular set of books, but that whatever accounts he kept were contained on loose slips

of paper ; that one carload of lumber shipped to him by the plaintiff but a short time prior to the attachment, and the delivery of which the plaintiff tried to stop while *in transitu*, was delivered by the defendant to the same Fuller to whom he had executed the mortgage without getting any credit therefor at the time of such delivery. This fact also had a bearing on the question of fraudulent dicposition of property. There was also substantial evidence tending to show a fraudulent contraction of the debt. As we had recently occasion to say in *Herboth v. Gaal, ante,* p. 255, "the intention never to pay for goods purchased is one which is hardly ever provable by direct evidence, and must in almost every case be found by the jury from surrounding circumstances." The fact that the defendant in this case, although practically insolvent, did, for the purpose of obtaining credit, make exaggerated statements as to his solvency, and that he represented to the plaintiff that he wanted the lumber for building purposes and immediately after its receipt disposed of it in payment of his debts, in connection with other suspicious circumstances surrounding the transaction, would authorize a jury to find that he did not intend to pay for the lumber when he bought it. See *Elsass v. Harrington,* 28 Mo. App. 300.

It will thus appear that the exceptions taken by the defendant to plaintiff's instructions are not tenable.

The court refused a number of instructions asked by the defendant. Part of these instructions were properly refused, because they singled out the separate grounds of attachment and told the jury in substance that, unless they found that ground of attachment for the plaintiff, he was not entitled to recover on the plea in abatement. Such is not the law. The plaintiff may state in his affidavit any number of grounds of attachment, and, if he supports any of them by evidence, he is entitled to have his attachment sustained. Others of

these instructions told the jury that a debtor in insolvent circumstances may prefer one debtor to another, and, if the conveyances in this case were made in good faith to secure or pay *bona fide* debts, they were not fraudulent. In view of the evidence, these instructions were also properly refused. If the Fuller mortgage was fraudulent in law, the intent with which it was made was wholly immaterial. Fraud in law will support attachment as well as fraud in fact.

The court at the instance of the defendant gave the following instructions to the jury: "Before you can find the issues for the plaintiff on the plea in abatement, you must find and believe from the weight or preponderance of the evidence in the case that the defendant fraudulently conveyed, assigned, concealed, removed or disposed of his property or effects, and that he so conveyed, assigned, concealed, removed or disposed of the same, so as to hinder or delay the plaintiff or other creditors in the collection of the debts, or that the debt sued for by the plaintiff, or part thereof, was fraudulently contracted by the defendant, that is, with the intention on the part of defendant of not paying for the property contracted for ; and, unless the plaintiff has proved by the greater weight of the evidence the existence of some one or more of these facts, you will find for the defendant."

" The court instructs the jury that the burden is on the plaintiff company to prove either that the debt sued for was fraudulently contracted, or that the defendant fraudulently conveyed or assigned, concealed, removed or disposed of his property or effects, so as to hinder or delay the plaintiff company, or other creditors in the collection of their debts; and unless you believe from the evidence in this case that the defendant did so fraudulently convey, assign, conceal, remove or dispose of his property and effects, so as to hinder or delay his creditors, the Cole Manufacturing Company or others, in the

collection of their debts, or that the debt was fraudulently contracted, that is, that defendant did not intend to pay for said lumber when he obtained it, you will find for the defendant on the issues in the plea in abatement in this case."

These instructions covered in a proper form several of the faulty instructions asked by the defendant and refused by the court.

The record fails to show any errors. The judgment is affirmed. All the judges concur.