THE TENNANT-STRIBLING SHOE COMPANY, Defendant in Error, v. H. GALLANT, Defendant; WOOLFSON BROS. & Co., Interpleaders and Appellants.

Kansas City Court of Appeals, April 3, 1893.

Fraudulent Conveyances: FAIR ON FACE: FRAUD IN FACT. A chattel mortgage may be fair on its face, but fraudulent in fact; and it is the facts which invalidate the deed, and not that they are made to appear by this or that evidence; it is sufficient that they are made manifest

*Appeal from the Jasper Circuit Court.*—HON. M. G. MCGREGOR. Judge.

AFFIRMED.

*H. W. Currey*, with *A. H. Redding* and *A. W. Brewster*, for appellant.

*H. H. Harding* and *J. W. Halliburton*, for defendant in error.

GILL, J. — Plaintiff sued defendant Gallant in attachment and procured a certain stock of goods then in Gallant's possession to be levied on. Woolfson Bros. & Co. filed their interplea, claiming a mortgage lien on a portion of the goods. On a trial of the interplea plaintiff was successful and Woolfson Bros. & Co. have brought the case here by writ of error.

It may be well doubted if the appealing inter-pleaders have presented here such an abstract of the record as justifies us in reviewing this case. The rules of this court have been almost entirely ignored in both abstract and brief.

However, from the meager showing made, we understand the case to be this: Interpleaders claim certain of the attached goods under a chattel mortgage made by defendant Gallant. Plaintiff attacked the mortgage as fraudulent and void, in that it was for the use and benefit of the mortgagor; that said mortgagees knowingly permitted the mortgagor to remain in possession of the goods and to continue to sell in the ordinary way, using the proceeds for his own purposes and not accounting to the interpleaders therefor.

Now, although the mortgage may have been fair on its face, yet if by the impeaching evidence it was shown that the mortgagor, with the knowledge and consent of the mortgagees, continued in the possession and was permitted to sell and dispose thereof in the usual course of business for his own benefit, then the mortgage was void as to the creditors and stands condemned by our statute on fraudulent conveyances. Revised Statutes, 1889, sec. 5169. "It is the *facts* which invalidate the deed, and not that they are made to appear by this or that evidence. It is sufficient if they are made manifest, and it can make no difference in principle as to the legal effect of the facts, whether they appear on the face of the instrument itself, or whether they are made to appear by extrinsic evidence." *Bullene v. Barrett*, 87 Mo. App. 189; *Eby v. Watkins*, 39 Mo. App. 27.

Although the instructions given by the lower court are not properly presented here for our review, we find on reading the same that they substantially declare the law as above set forth.

The admission of certain evidence is complained of, but as that evidence is not set out in the abstract we cannot undertake to pass on the question.

The judgment is affirmed. All concur.