AMERICAN OAK LEATHER COMPANY, Appellant, v. THE WYETH HARDWARE & MANUFACTURING COMPANY, Garnishee of the Standard Gig Saddle Company, Defendant; UNION BANK and ALONZO BENNETT, Interpleaders, Respondents.

### Kansas City Court of Appeals, March 26, 1894.

1. **Common Law**: MICHIGAN. In the absence of proof as to the statute law of Michigan, the courts of Missouri must assume the existence there of the common law.

2. **Fraudulent Conveyances**: COMMON LAW: STATUTE. At common law, as under the statute, where the mortgagor of personal property is by its terms allowed to retain possession of the property and dispose of the same as he may think proper, such conveyance will be deemed for the use and benefit of the mortgagor and void as to creditors.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

REVERSED.

*Reed & James* for appellant.

The mortgage was fraudulent and void as to creditors. R. S. 1889, sec. 5169; *Walter v. Wimer*, 24 Mo. 63; *Stanley v. Bunce*, 27 Mo. 269; *Goddard v. Jones*, 78 Mo. 518; *McCarthy v. Miller*, 41 Mo. App. 200; *Oliver-Finnie G. Co. v. Miller*, 53 Mo. App. 107.

*Dowe, Johnson & Rusk* for respondents.

A mortgage like the one in question is perfectly good on its face in Michigan. As the law of Michigan on this point is not shown by the record to have been introduced in evidence, respondent must rest upon the

presumption existing in such a case. This mortgage would be valid as to the accounts conveyed, both at common law and under the law of this state. *State to use v. D'Oench*, 31 Mo. 453; *Donnell v. Byern*, 69 Mo. 468; *Bullene v. Barrett*, 87 Mo. 185; *Brett v. Carter*, 2 Low. 458; 3 C. L. J. (1875), 286.

GILL, J.—In the disposition of this appeal the following are all the facts we find it necessary to state: In May, 1891, the Standard Gig Saddle Company, doing business at Jackson, Michigan, sold certain goods to the Wyeth Hardware Company at St. Joseph, Missouri. The plaintiff leather company, an Ohio corporation, and a creditor of the Gig Saddle Company, sued the saddle company by attachment and garnished the Wyeth company at St. Joseph, who, thereupon, paid the amount due into court. The Union Bank and A. Bennett, both of Jackson, Michigan, filed their joint interplea, claiming to own the Wyeth account by virtue of a chattel mortgage, executed by the Gig Saddle Company on May 5, 1891, and prior to the attachment by the plaintiff leather company.

On a trial in the circuit court the interpleaders had judgment, and the plaintiff appealed.

In our opinion, the chattel mortgage under which the interpleaders claim was clearly invalid, fraudulent and void as to the creditors of the Gig Saddle Company, and furnished no basis for a claim as against the plaintiff.

In the absence of any proof as to the statute law of Michigan, we must assume the existence there of the common law. *Bain v. Arnold*, 33 Mo. App. 631. And by the common law, as under our statute (which in this regard is merely declaratory thereof), where the mortgagor of personal property is, by the terms of the instrument, allowed to retain possession

of the property and dispose of the same as he, the mortgagor, may think proper, then such conveyance will be deemed for the use and benefit of the mortgagor, and void as to creditors other than the mortgagee. This is now the well settled law of this state as disclosed by numerous decisions, some of which are cited in brief of plaintiff's counsel. A full discussion, with citation of authorities, will also be found in the late work of Pierce on Fraudulent Mortgages of Merchandise, chapter 1.

The chattel mortgage under which interpleaders claim, stands manifestly condemned by the foregoing principle. Said mortgage conveys "the general stock of merchandise, saddlery, hardware, gig and track saddles, etc., and all the notes, bills, accounts, debts connected with the said business, due or to become due, now existing or that shall hereafter accrue," etc., the mortgagor corporation covenanting "that it will add to said stock as rapidly as goods shall be sold therefrom, and keep the stock replenished so that the amount hereby owing and secured shall at no time be more than seventy-five per cent. of the value of said stock," etc.; "that no goods shall be sold from said stock and business except in the ordinary course of trade therein, and for cash or to responsible persons for money thereafter shortly to be paid. * * * And the parties of the second part covenant and agree that until possession is taken or demanded by said parties of the second part, or either of them, its or his representatives or assigns, of the property hereby mortgaged and transferred, sold and set over, or default is made in some covenant or agreement herein contained, said party of the first part shall have possession of, and may use and sell, said property in the regular course of trade, and may sell the same for cash, or on credit, to responsible parties as aforesaid."

These and like provisions in the mortgage show clearly that it was intended by the mortgagor and mortgagees, at the time when the same was executed, that the said mortgagor should not only retain possession of all the goods and choses in action so conveyed, but should have the use and disposition thereof, according to the ordinary course of said business, restricted only by the obligation to keep said mortgaged goods up to an amount not less than twenty-five per cent. in excess of the mortgage debt. The unrestrained power to hold, collect or otherwise dispose of the accounts, to the use and benefit of the mortgagor, was as completely given by the instrument as was the power to use and dispose of the other goods. Hence there is no room for the application of the rule announced in *Donnell v. Byern*, 69 Mo. 468, and *Bullene v. Barrett*, 87 Mo. 185. In those cases there was no authority in the mortgagor to sell or dispose of the fixtures, etc., named in the mortgage. The distinction is clearly set out in *State to use of Voullaire v. Tasker*, 31 Mo. 445.

The court below should have directed a verdict for plaintiff. The judgment, therefore, will be reversed. All concur.