MARTIN–PERRIN MERCANTILE COMPANY, Respondent, v. JAMES B. PERKINS, Appellant.

Kansas City Court of Appeals, November 4, 1895.

1. **Appellate Practice**: TRIAL WITHOUT EXCEPTIONS OR INSTRUCTIONS. Where the trial was before the court without exceptions as to the admission or rejection of evidence, and with no instructions asked or given, if it can uphold the judgment on any possible theory of law applicable to the facts, the appellate court must do so.

2. **Fraudulent Conveyances**: CHATTEL MORTGAGE ON STOCK OF GOODS: POSSESSION RETAINED. When it appears on the face of a mortgage conveying personal property that the mortgagor is to retain possession and sell and dispose of the same in the usual course of business for his own benefit, the mortgage is void; and the same is true when the same impeaching facts are proven by extrinsic evidence though the mortgage is fair on its face.

3. ———: CHATTEL MORTGAGES: RECORD IN MORTGAGOR'S COUNTY. A chattel mortgage not recorded in the county where the mortgagor resides, is fraudulent and void as to creditors, though recorded in another county where the mortgaged property is situated.

4. ———: ———: NOTICE OF. A chattel mortgage which is not recorded as required by statute is void as to creditors who have actual notice of its existence.

*Appeal from the Ray Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*J. W. Shotwell & Son* and *J. E. Ball* for appellant.

(1) The chattel mortgage from defendant Perkins to Ray County Savings Bank to secure $600 due by Perkins to the bank, was filed for record before the account sued on was created; and at the time the account was made, Perkins having informed Hanks, the agent of plaintiff, of the execution of the mortgage and the filing of the same for record and the credit having been given thereafter with full knowledge of the premises, the plaintiff is now estopped from declaring said mortgage to be void and fraudulent as against his rights in the premises. There certainly could be no fraud in conveying the fixtures, described in said mortgage as against the rights of either creditor or purchasers. *Donnell v. Byern*, 69 Mo. 468; *Bullene v. Barrett*, 87 Mo. 185. (2) The mortgage in controversy was recorded in the proper county, James B. Perkins being a resident of Ray county at the time of the execution of the mortgage. See his testimony on being recalled.

*Lavelock, Kirkpatrick & Divelbiss* for respondent.

(1) A mortgage on a stock of goods where the mortgagor, with the knowledge or consent of the mortgagee, retains possession and continues to sell and dispose of the same in the usual course of business is fraudulent as to creditors, prior and subsequent, and is sufficient ground for attachment. *Douglass v. Cissna*, 17 Mo. App. 44; *Sparks v. Brown*, 46 Mo. App. 529; *Manufacturing Co. v. Jenkins*, 47 Mo. App. 664; *Sauer v. Behr*, 49 Mo. App. 86; *Smith v. Ham*, 51 Mo. App. 433; *Shoe Co. v. Gallant*, 53 Mo. App. 423; *Leather Co. v. Hardware & Mfg. Co.*, 57 Mo. App. 297; *Russell v. Rutherford*, 58 Mo. App. 550; *Brooks v. Wimer*, 20

Mo. 503; *Walter v. Wimer*, 24 Mo. 63; *Reed v. Pelliter*, 28 Mo. 173; *Bullene v. Barrett*, 87 Mo. 185; *Kuh v. Garwin*, 125 Mo. 547. (2) This is true whether such impeaching facts appear on the face of the mortgage or are proved by evidence aliunde. *Manufacturing Co. v. Steele*, 36 Mo. App. *loc. cit.* 504; *McCarthy v. Miller*, 41 Mo. App. 200; *Smith v. Ham*, 51 Mo. App. *loc. cit.* 436; *Shoe Co. v. Gallant*, 53 Mo. App. 423; *Robinson v. Robards*, 15 Mo. 459; *Reed v. Pelliter*, 28 Mo. 173; *Bullene v. Barrett*, 87 Mo. 185; *Kuh v. Garwin*, 125 Mo. 558. (3) The mortgage in controversy is invalid because not recorded in the county where the mortgagor resided. R. S. 1889, sec. 5176; *Bevans v. Bolton*, 31 Mo. 437; *White v. Graves*, 68 Mo. 223; *State ex rel. v. Sitlington*, 51 Mo. App. 258. (4) A chattel mortgage not recorded as required by law is invalid even as to creditors with actual notice of its existence. *Bryson v. Penix*, 18 Mo. 13; *Bevans v. Bolton*, 31 Mo. 437; *White v. Graves*, 68 Mo. *loc. cit.* 223; *Wilson v. Milligan*, 75 Mo. *loc. cit.* 42; *Rawlings v. Bean*, 80 Mo. 614; *Collins v. Wilhoit*, 108 Mo. *loc. cit.* 458; *Selking v. Hebel*, 1 Mo. App. 340; *Funkhouser v. Ingles*, 17 Mo. App. *loc. cit.* 239; *Hughes v. Menefee*, 29 Mo. App. *loc. cit.* 203; *State ex rel. v. Sitlington*, 51 Mo. App. *loc. cit.* 259. (5) The case was tried by the court, no instructions or declarations of law being asked or given. The judgment will therefore be upheld by this court, if it can be sustained on any possible theory of law applicable to the facts. *Holliday v. Langford*, 13 Mo. App. 594; *Gentry v. Templeton*, 47 Mo. App. 55; *Kelley v. Gray*, 55 Mo. App. 40; *Pitkin v. Matt*, 56 Mo. App. 401; *McQuary v. Geyer*, 57 Mo. App. 213; *Heman v. Handlan*, 59 Mo. App. 490.

SMITH, P. J.—This is an action on an account by attachment, grounded on the seventh subdivision of section 521, Revised Statutes. There was a trial by

the court without the aid of a jury, resulting in judgment for plaintiff, to reverse which judgment defendant has appealed.

It appears from an examination of the record before us that no exceptions were taken and preserved to the action of the trial court in the admission or rejection of evidence, and that no instructions were asked or given, so that if we can uphold the judgment on any possible theory of law applicable to the facts, we must do so.

It appears from the evidence that the defendant, being the owner of a drug store situate in Richmond, Ray county, executed to the Ray County Savings Bank a deed of trust covering his entire stock, to secure an indebtedness to the said bank of $600. The defendant, after the execution of the mortgage, retained the possession of the stock and continued to sell and dispose of the same, in the usual course of business, just as he did before the execution of the mortgage. It further appears that of this the bank had full knowledge. The proceeds arising from such sale and disposition of the stock were not applied to the mortgage debt. The mortgage was recorded in Ray county.

The plaintiff read in evidence a deposition of the defendant, which had been taken in a suit of replevin by the mortgagee bank, against the sheriff, to recover the possession of the attached property, and in which the defendant deposed that he had been a resident of Clay county for the last seven years, which included the year the mortgage was executed. And in this suit defendant testified that he resided in Clay county at the time he executed the mortgage, but on cross-examination he further stated that he then resided in Ray county. The testimony of Hanks, the plaintiff's traveling salesman, and Divilbliss, the defendant's clerk, indicated that the defendant was a resident of Clay county, at the time he executed the mortgage.

Part of the items of plaintiff's account were sold defendant before and part after the execution of the mortgage. Defendant testified that the plaintiff had notice of the existence of the mortgage when it sold him the last items mentioned in the account, for he had told its agent, Hanks, all about the mortgage when he ordered the goods. This the plaintiff's agent denied.

The law has been long and firmly settled in this state to the effect that when it appears on the face of a mortgage conveying personal property that the mortgagor is to retain possession of the property and to sell and dispose of the same in the usual course of business, for his own benefit, such mortgage is void as to creditors, on the ground that such conveyance is deemed in law for the use of the mortgagor. *Molaska v. Steel*, 36 Mo. App. 504; *McCarthy v. Miller*, 41 Mo. App. 200; *Douglass v. Cissna*, 17 Mo. App. 44; *Sparks v. Brown*, 46 Mo. App. 529; *Mfg. Co. v. Jenkins*, 47 Mo. App. 664; *Sauer v. Behr*, 49 Mo. App. 86; *Smith v. Ham*, 51 Mo. App. 433; *Shoe Co. v. Gallant*, 53 Mo. App. 423; *Leather Co. v. Hardware & Mfg. Co.*, 57 Mo. App. 297; *Russell v. Rutherford*, 58 Mo. App. 550; *Brooks v. Wimer*, 20 Mo. 503; *Walter v. Wimer*, 24 Mo. 63; *Reed v. Pelliter*, 28 Mo. 173; *Bullene v. Barrett*, 87 Mo. 185; *Kuh v. Garwin*, 125 Mo. 547.

And it is equally well settled, by the cases just cited, that, where the mortgage is fair on its face, as in this case, and the same impeaching facts are proven by extrinsic evidence, the same legal consequences result from them when established.

Again, if the defendant resided in Clay county and not in Ray, as the court on the evidence was justified in finding, then the mortgage was void for not having been recorded in the former county. R. S., sec. 5176; *State v. Sitlington*, 51 Mo. App. 258; *White v. Graves*, 68 Mo. 223; *Bevans v. Bolton*, 31 Mo. 437; *Wilson v.*

*Milligan*, 75 Mo. 42; *Rawlings v. Bean*, 80 Mo. 614; *Collins v. Wilhoit*, 108 Mo. 458. As to plaintiff, the mortgage was as if it had never been recorded at all. It was fraudulent and void, as to creditors.

And whether the plaintiff had knowledge of the existence of the mortgage, when it made the sale to defendant, it seems to us was of no importance, for it has been many times ruled by the appellate courts of this state that a chattel mortgage which is not recorded as required by statute, is void as to creditors who have actual notice of its existence. *State v. Sitlington*, 51 Mo. App. 252, *supra; Bryson v. Penix*, 18 Mo. 13; *Bevans v. Bolton*, 31 Mo. 437; *White v. Graves*, 68 Mo. *loc.cit.* 223; *Wilson v. Milligan*, 68 *loc. cit.* 42; *Rawlings v. Bean*, 80 Mo. 614; *Collins v. Wilhoit*, 108 Mo. *loc. cit.* 458.

There is a palpable conflict in the testimony as to whether plaintiff had notice of the existence of the mortgage before any part of its account accrued, and it may have been that the trial court found that it had no such notice; but whether it had or not, we think, as already stated, that was a wholly immaterial fact. In no view of the evidence which we have been able to take, have we discovered the slightest ground to warrant us in interfering with the judgment, which must, consequently, be affirmed. All concur.