DUNHAM–BUCKLEY & COMPANY, Appellant; v. L. N. HALBERG et al., Respondents.

### St. Louis Court of Appeals, March 9, 1897.

1. **Instructions**: HARMLESS ERROR. An instruction for defendants requiring the jury to find that an alleged conveyance must have been made by defendants "for the purpose of defrauding, hindering, and delaying their creditors," was erroneous in using the words "for the purpose" of defrauding, etc., and the conjunctive "and" instead of the disjunctive *or* used in the statute (sec. 521); and such errors were not rendered harmless by reason that, in the latter respect, plaintiff's instructions correctly presented the law.

2. **Abatement**: CONDUCTING BUSINESS IN NAME OF ANOTHER: FRAUD: JURY QUESTION. An arrangement that a business be conducted in the name of another, with the understanding that the parties conducting it shall become the owners of the business, when they have paid back money invested in it by such other person, is not a fraudulent arrangement in law; and whether or not it is fraudulent in fact, is a question for the jury.

*Appeal from the Lawrence Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED.

*H. H. Bloss* and *C. V. Buckley* for appellant.

Instruction number 3 for respondents is erroneous in requiring a specific purpose of intent to defraud, etc., when only the effect or legal condition is considered by the law. *Mfg. Co. v. Jenkins,* 47 Mo. App. 668; *Noyes v. Cunningham,* 51 *Id.* 194; *Gens v. Hargadine,* 56 *Id.* 245; *Parker v. Roberts,* 116 Mo. 657.

It is also erroneous, because in the conjunctive, requiring a purpose to defraud, hinder, and delay cred-

itors. *Burget v. Borchert*, 59 Mo. 80; *Crow v. Beards-ley*, 68 *Id.* 435; *Rupe v. Alkire*, 77 *Id.* 641.

The verdict was contrary to the evidence, had no evidence to support it, and was contrary to the instruction's given for appellant. *Klausmann v. Schoenlau*, 32 Mo. App. 357; *Bruen v. Fair Ass'n*, 40 *Id.* 425, *Hewitt v. Doherty*, 25 *Id.* 326. See, also, *Ettinger v Kohn*, 36 S. W. Rep. 37; *Avery v. Fitzgerald*, 94 Mo. 207; *Mauerman v. R'y*, 41 Mo. App. 348; *Garrett v. Green-well*, 92 Mo. 120; *Klosterman v. Kage*, 39 Mo. App. 60; *State v. Hunt*, 91 Mo. 490.

Respondent's mother could not, under the pretense of securing her debt, take and hold property for them. *McNichols v. Richter*, 13 Mo. App. 515; *Cordes v. Strazer*, 8 *Id.* 61; *Ames v. Gilmore*, 59 Mo. 537; *Schelly v. Boothe*, 73 *Id.* 74; *Allen v. Berry*, 50 *Id.* 90; *May-berg v. Jacobs*, 40 Mo. App. 128; *Moedska v. Steele*, 30 *Id.* 496; *Matthews v. Loth*, 45 *Id.* 455; *Mfg. Co. v. Payton*, 65 *Id.* 311; *Scudder v. Payton*, 65 *Id.* 314. See, also, *Lackland v. Smith*, 5 Mo. App. 153; *Donovan v. Deming*, 69 Mo. 436; *St. Louis v. Rubelman*, 15 Mo. App. 280; *State ex rel. v. Martin*, 77 Mo. 770; *Hanna v. Finley*, 33 Mo. App. 645; *Pattison v. Letton*, 56 *Id.* 325; *Bank v. Lime Co.*, 43 *Id.* 561; *Dunnica v. Coy*, 24 Mo. 167; *Dallam v. Renshaw*, 26 *Id.* 533; *Peay v. Sublett*, 1 *Id.* 449; *Jordon v. Buschmeyer*, 97 *Id.* 94; *Irwin v. Wells*, 1 *Id.* 9; *Fink v. Algermissen*, 25 Mo. App. 186.

*Edward J. White* and *William B. Skinner* for respondents.

The expression "for the purpose" of defrauding, etc., in defendant's instructions, is used by the plaintiff in the affidavit for attachment, and also in his instructions numbers 1 and 2, and he can not complain.

*Nelson v. Wallace*, 48 Mo. App. 193; *Banks v. Long*, 91 Mo. 628.

The jury could not have been misled by the inad- vertent use of the word "and" in defendant's instruc- tions instead of "or" where the latter word was used in the next clause of the instructions given. It was harmless error. *Minter Bros. v. Hardware Co.*, 50 Mo. App. 177; *McGrew v. R. R.*, 109 Mo. 582. See, also, *Walsh v. Drayage Co.*, 40 Mo. App. 339; *State v. Gil- more*, 95 Mo. at 554; *State v. Lewis*, 118 *Id.*, at 85.

When the facts are admitted the court may declare their legal effect, but when they are disputed, the ques- tion is for the jury under proper instructions. *Scoville v. Glassner*, 79 Mo. 549.

The jury found that defendants were not guilty of any fraudulent conduct, and this finding on the facts is final, and will not be disturbed. *Baum v. Fryrear,* 85 Mo. 151.

BIGGS, J.—The plaintiff sued the defendants by attachment and the writ was levied upon 'a stock of goods. The defendants contested the right of attach- ment. On the trial of the plea in abatement the evi- dence for the plaintiff, which consisted of the deposi- tion of L. N. Halberg, one of the defendants, tended to prove these facts. The defendants are brothers, and they failed in business in the state of Mississippi in 1888. At the time of their failure they were indebted to plaintiff. The demand was subsequently reduced to a judgment. Shortly after the failure the defend- ants opened a grocery store in Fort Smith, Arkansas. The business was conducted in the name of their mother. She furnished $3,000 to pay for the first stock of goods. Under the arrangement the business was to be so conducted by the defendants, until she was fully reimbursed, when the assets of the concern were

to become the property of the defendants. The business was continued at Fort Smith for two or three years, without much (if any) profit. During the time the defendants made small remittances to their mother at irregular intervals. In 1890 or 1891 they purchased a stock of goods and the good will of a business in Aurora, in this state. They paid on the purchase $600 in money, which came out of the business at Fort Smith, and they borrowed the sum of $500 additional, which was also applied on the purchase. Credit was given for the balance of the purchase money. The stock at Fort Smith was removed to Aurora. The business was continued in the name of the mother until 1895, when the defendants assumed control of it in their own names. There was some evidence tending to prove that the defendants completed the payment of what they owed their mother in the spring of 1895, and that they continued the business in her name for four or five months thereafter for the purpose of protecting the stock of goods from the claims of plaintiff and other judgment creditors in Mississippi until such demands were barred by the statute of limitations. The issues were found for the defendants and the plaintiff has appealed, and complains of the instructions given on the part of the defendants, and that under the evidence the verdict ought to have been for it.

Complaint is made of the following instruction, which was given at the instance of the defendants:

"The court instructs the jury that it devolves upon the plaintiff in this case to satisfy you by a preponderance of the evidence that at the time the writ of attachment in this action was sued out, to wit, the nineteenth day of November, A. D. 1895, that the defendants had fraudulently conveyed or assigned their property or effects, *for the purpose* of defrauding, hindering, *and* delaying their creditors; or that they had

concealed, removed, or disposed of their property or effects for the purpose of defrauding, hindering, or delaying their creditors and unless you have been so satisfied by a perponderance of the evidence, you will find the issues for the defendants.''

This instruction is radically defective in two respects. *First.* It requires the jury to find that the alleged conveyance or assignment must have been made by the defendants ''for the purpose,'' that is, with the intent, to defraud, etc. The language of the statute is, that a defendant is liable to attachment if he fraudulently conveys or assigns his property ''so as to hinder or delay his creditors.'' (Sec. 521.) It is therefore not a question of intent. If the effect of the transfer is to hinder, delay, or defraud creditors, it is sufficient. *Cole Mfg. Company v. Jenkins,* 47 Mo. App. 668; *Noyes v. Cunningham,* 51 Mo. App. 194; *Gens v. Hargadine,* 56 Mo. App. 245. The plaintiff's instructions, however, contain the same vice, and were it not for the other error in the instruction, the assignment of error would have to be overruled on the ground that the plaintiff had invited the error. *Second.* The language of the instruction is ''for the purpose of defrauding, hindering, *and* delaying their creditors.'' This is error, as has been repeatedly held in this state. The statute is in the disjunctive, and under it if the act of the defendants is fraudulent, and it either hinders *or* delays other creditors in the collection of their debts, the attachment should be sustained. It is urged that the error is harmless, for the reason that in this respect the plaintiff's instructions properly presented the law. This argument can not be accepted, for the reason that we can not say which instruction the jury followed. *State v. Harrell,* 97 Mo. 105.

*Margin note:* INSTRUCTION: harmless error.

We are asked to direct a judgment for plaintiff on the plea in abatement. This we can not do. The fact that the business was conducted in the name of the mother, with the understanding that the defendants should become the owners of it, provided they paid back the money which she had invested, was not a fraudulent arrangement in law. Whether or not it was fraudulent in fact, was for the jury. It must be borne in mind that the plaintiff has the burden of proof, and a party sustaining it is not entitled to a peremptory instruction for a judgment, unless his adversary admits the substantive facts of the cause of action or defense, or unless such facts are established by documentary proof, which the other party is estopped to deny.

CONDUCTING business in name of another: fraud: jury question.

For the error pointed out in the defendants' instruction, the judgment of the circuit court on the plea in abatement will be reversed and the cause remanded. All the judges concur.