FRIEDMAN BROS., Appellant, v. L. N. HOLBERG *et al.*, Respondents.

### St. Louis Court of Appeals, March 1, 1898.

**Attachment:** BADGE OF FRAUD: NOTICE OF CHANGE OF OWNERSHIP. Where the purpose of the delay of notice of change of ownership, or as the evidence tends to show, the grocery store was to become the property of defendants so soon as they should pay their mother the $3,000 and interest, and after such payment had been made, they continued the business in her name; it was held to be a badge of fraud.

*Appeal from the Lawrence Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED.

H. H. BLOSS and C. V. BUCKLEY for appellant.

When plaintiff has shown facts constituting a delay of creditors nothing further is required of him. The result of such facts is the sustaining of the attachment. Noyes v. Cunningham, 51 Mo. App. 194. Where money is secreted for purpose of maintaining defense on attachment it is a fraud as matter of law. If so, then is not the secreting or concealing of defendants' property in name of mother for purpose of keeping off creditors until statute of limitations should run against their claims fraudulent as matter of law? Mathews v. Loth, 45 Mo. App. 455. When the record owner of property remains the apparent owner, the real owner not being known; that is, the property in reality belonging to one party, while the apparent ownership is in another, it is a fraud. Bank v. Doran, 109

Mo. 40.    Where the facts are undisputed the law pro-
nounces the conclusion of fraud and it is the duty of
the court to so declare.    Mathews v. Loth, 45 Mo.
App. 455; Oliver-Finnie Grocery Co. v. Miller, 53 Mo.
App. 107.    Appellate courts will reverse the judg-
ment where the verdict is against the conceded facts;
where there is no evidence to support it; or where so
opposed to the evidence and all probabilities as to be
the manifest result of prejudice or mistake.    Newland
College v. Borch, 44 Mo. App. 19; Wilburn v. R. R.,
48 Mo. App. 224; Manerman v. R. R., 41 Mo. App. 348.
If the verdict is not supported by substantial evidence
it will be reversed.    Kehoe v. Phillipi, 42 Mo. App.
292; Polhaus v. R. R., 45 Mo. App. 153; Watson v.
Race, 46 Mo. App. 546.    Where the verdict is
inconsistent with the admissions of the successful
party and the uncontradicted testimony, the appellate
court will reverse the cause.    Holt v. Morton, 53 Mo.
App. 187.    Where there is no evidence to support the
verdict the judgment will be reversed; especially if ap-
parent injustice is shown by the record.    Lewis v.
Pallin, 48 Mo. App. 657; Leland v. Wilson, 50 Mo.
App. 37.

EDWARD J. WHITE and WM. B. SKINNER for re-
spondents.

The question as to whether or not the $3,000
capital had been furnished by Mrs. Holberg, whether
it was her money, or whether it was funds really
belonging to respondents, as appellants alleged, were
material issues in this case, and the mortgage executed
by Mrs. Holberg by means of which she borrowed the
money, the letter from the parties from whom she
thus borrowed it, transmitting it to respondents, at
her request was all competent evidence, as constituting

a part of the *res gestae* of the principal fact which was being made the subject of the inquiry. 1 Greenl. on Ev. [13 Ed.], paragraphs 108 and 116; Mann v. Best, 62 Mo. 491; Corbett v. R. R., 26 Mo. App. 621; State ex rel. Griggs v. Edwards, 78 Mo. 473. But even if this evidence is not competent, upon the theory above advanced, its admission does not constitute reversible error for obvious reasons. If it is held that it was neither material nor necessary for respondents to show where Mrs. Holberg got this money, or that it was her own, then the admission of incompetent evidence to establish such fact is no reason for interfering with the judgment. Witthouse v. R. R., 64 Mo. 524. If it was material for respondents to show this fact, but this evidence was incompetent, its admission is not reversible error, because the fact was already satisfactorily established by competent evidence, to wit, the evidence of respondent, H. C. Holberg, pages 73 and 74, printed record. Lane v. Lane, 113 Mo. 504. This evidence complained of was but cumulative on a point already testified to by other witnesses and its admission for that reason is not reversible error. Mayer v. Old, 57 Mo. App. 639. Appellant offered no evidence in support of their contention, or contradictory of the fact the evidence complained of tended to prove, and its admission for that reason is not reversible error. State to use v. Teichman, 13 Mo. App. 579, 580; Wilkinson v. Ins. Co., 54 Mo. App. 661. Appellant also read as an admission the deposition of respondent L. N. Holberg, in which he testified to the same fact which this evidence complained of tended to establish and for this reason its admission can not constitute reversible error. Blackwell v. Bailey, 1 Mo. App. 328. "Under the mandatory prohibition contained in section 2303 of the Revised Statutes of 1889, appellate courts can not

reverse a judgment unless it is believed, not only that error was committed, but that such error materially affected the merits of the action. Unless these two essential conditions are believed to co-exist there can be no reversal." Bindbeutal v. R'y, 43 Mo. App. 463. In their assignment of errors, counsel allege that error was committed by the trial court in refusing the three instructions numbered 11, 12 and 13, asked by appellants. This point is probably waived, as no reference is made to it in their "points and authorities" or argument, but we desire to say in reference to this branch of the case that an inspection of these three instructions will show that they were properly refused by the trial court. *First.* Because, in the seven instructions already given at the request of the appellant, every phase of appellant's case had been properly covered and submitted to the jury. *Second.* Because the thirteenth instruction was without any evidence whatever to support it, and the twelfth and eleventh are predicated upon a conclusion to be drawn from but a partial statement of the evidence bearing on a question of fact in the case. *Third.* Because all three instructions were improper, as being comments on the evidence and as singling out a fact that the evidence might conduce to establish and giving it undue prominence. Forrester v. Moore, 77 Mo. 651; Rothschild v. Ins. Co., 62 Mo. 356; Noyes v. Cunningham, 51 Mo. App. 144.

BLAND, P. J.—The issues made by the following affidavit for attachment and plea in abatement were tried by a jury, resulting in a verdict on the plea in abatement for defendants.

Affidavit for attachment: "This affiant states that the plaintiff in the above entitled cause has a just demand against the defendants therein which is now due,

and that the amount which this affiant believes the plaintiffs ought to recover, after allowing all just credits and set-offs, is two thousand dollars, and that this affiant has good reason to believe and does believe that the defendants have fraudulently conveyed and assigned their property and effects so as to hinder and delay their creditors; that the defendants have fraudulently concealed, removed and disposed of their property and effects so as to hinder and delay their creditors; that the defendants are about to remove out of this state with the intent of changing their domicile; that the defendants are about fraudulently to convey and assign their property and effects so as to hinder and delay their creditors."

Plea in Abatement: "Comes now H. C. Holberg, one of the defendants above named and being sworn as the law directs, says that it is not true, as stated and alleged in the amended affidavit for writ of attachment filed in this cause by plaintiff that defendants have fraudulently conveyed and assigned their property and effects so as to hinder and delay their creditors; that the defendants have fraudulently concealed, removed and disposed of their property and effects so as to hinder and delay their creditors; that the defendants are about to remove out of this state with the intention of changing their domicile; that the defendants are about fraudulently to convey and assign their property and effects so as to hinder and delay their creditors, and further sayeth not."

After unsuccessful motions for new trial and in arrest plaintiffs appealed.

The evidence discloses the fact that defendants about the year 1886 failed in business in the state of Mississippi; that plaintiffs were their creditors and had reduced their claim to a judgment in that state. In May, 1888, F. M. Holberg, the mother of defendants,

residing at that time in Macon, Mississippi, furnished the defendants with $3,000, with which to open and conduct a grocery story in Fort Smith, Arkansas, at the same time giving her son Henry C. Holberg (one of the defendants) a power of attorney to conduct the business for her, and in her name to do and perform all things necessary to prosecute the business. The business proved unprofitable at Fort Smith, and in 1890 the defendants closed out the business, and with $600 in cash and the remnants and fixtures of the Fort Smith store, they moved to Aurora, Missouri, where they opened another grocery store in the name of their mother, and continued in this business until the first of October, 1895, when they took charge of the business in their own name and for themselves, and were so conducting the business at the time this suit was begun. According to the testimony of the defendants, they paid their mother cash and furnished her groceries from time to time during the whole time they were conducting the business for her, until the fifteenth day of March, 1895, at which date they say the payments then and theretofore made to her equalled the original sum of $3,000 invested in the business by her and interest thereon. The concern in March, 1895, owed some debts to parties from whom they had purchased goods for the Aurora store and still owed some of them when the attachment was levied in this case. About the time defendants took charge of the business for themselves and in their own name, they testified that they notified the creditors of the concern of the fact and got their consent to the change. Whether the purpose of this correspondence was merely to give notice of the change or for the purpose of giving notice and getting the assent of the creditors to look to the new firm for the existing debts and to relieve Mrs. Holberg does not clearly appear. If notice of the change

of ownership was delayed by the defendants for the latter purpose, then it was not for a fraudulent purpose, but if done in good faith to relieve their mother from liability on account of the debts, it was meritorious and just what they should have done. There is also evidence tending to prove that the defendants believed that their Mississippi debts would be barred by the statute of limitation by October 1, 1895, and that the notice of change in ownership was postponed to await the expiration of the statutory period of limitation. If this was the purpose of the delay of notice of change of ownership, or if, as the evidence tends to show, the grocery store was to become the property of

DELAY of notice.

defendants so soon as they should pay their mother the $3,000 and interest and after such payment had been made, they continued the business in her name, then their conduct of the business from March 15 to October 1 was a badge of fraud, unless, to protect Mrs. Holberg as to the debts due on account of purchases made for the store, it was necessary to continue the business in her name.

The effect of a continuance of the business in the name of the mother after the goods had become the property of the defendants and the mother had ceased to have any interest in them, was to delay the creditors of the defendants. This is fraud in law. Suttan v. Hanford, 11 Mich. 513; Bump on Fraudulent Conveyances [4 Ed.], sec. 26. After the interest of Mrs.

SECRET trust.

Holberg in the goods was extinguished, the further holding them in her name was a secret trust and was void as to the creditors of the real owners. Pattison v. Letton, 56 Mo. App. 325; Bank v. Kansas City Lime Co., 43 Mo. App. 561.

Appellants assign as error the admission of a deed of trust given by Mrs. Holberg on property in Mississippi, to secure a loan of $3,000, and a letter written

by Brisk and Jacobson to one of the defendants transmitting the draft for $3,000 put in the grocery store at Fort Smith. The letter called attention to the fact that Mrs. Holberg had executed the mortgage for the purpose of raising the $3,000. The letter and mortgage were corroborative of the fact that the $3,000 was furnished by Mrs. Holberg to her sons. These in connection with the power of attorney were explanatory of and served to illustrate the arrangement between the defendants and their mother, and were therefore competent evidence, being a part of the *res gestae* of the transaction. Many other exceptions were saved by appellants to the introduction of testimony, but they are, in our view, trivial and without merit.

It was competent to inquire into the condition of the business on March 15, 1895, for it was material to know why the business was, from that date to October 1 following, conducted in the name of Mrs. Holberg, and the condition and amount of the store's debts in connection with other facts may serve to explain the former fact.

The instruction given by the court on the motion of appellants and respondents are unobjectionable. But the following, viz.: "You are further instructed that if you find from the evidence that the business was conducted in the name of the mother with the understanding that the defendants should become the owners thereof, provided they paid back the money which she had invested and that defendants after having paid back the same and all interest thereon to

INSTRUCTION. their mother, continued to run such business for an unreasonable length of time in the mother's name, then, and in that event the jury may take such transactions into consideration in determining the intent of the defendants to hinder or delay

their creditors." Given by the court on its own
motion, to which the appellants saved their exceptions,
is in the teeth of the decision of this court in the case
of Dunham, Buckley & Company v. these respondents,
69 Mo. App. 509, and is opposed to the views herein
expressed. For this error the judgment is reversed
and the cause remanded. All concur.